**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5261

JESSE ROWLAND, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5281

PATRINA ANN PARKER,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-94-251)

Submitted: March 26, 1996

Decided: April 22, 1996

Before WIDENER, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Ronald Schwartz, Cincinnati, Ohio; Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jesse Rowland, Jr., and Patrina Ann Parker both pled guilty to conspiring, from the summer of 1991 to October 1994, to possess more than 50 grams of crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996). Rowland was sentenced to a term of 210 months imprisonment. Parker received a sentence of 235 months imprisonment. Both challenge their sentences on appeal. We affirm Parker's sentence and affirm Rowland's sentence in part. However, we vacate Rowland's sentence in part and remand for resentencing because the district court clearly erred in determining that he was a manager in the offense.

The district court found that Rowland and Parker were nearly equal participants in the conspiracy, but that Rowland managed their assets and property. The court gave Rowland a 2-level adjustment for being a manager in the offense. However, under the applicable guideline, a defendant must have managed or supervised another participant to qualify for the adjustment. United States Sentencing Commission, Guidelines Manual § 3B1.1(b), comment, (n.2) Nov. 1994). The government concedes error and requests resentencing on this issue. Because the commentary authorizes an upward departure, where appropriate, for a defendant who "exercised management responsibil-

ity over the property, assets, or activities of a criminal organization," on remand the district court is free to consider whether a departure is warranted.

Next, Rowland challenges the district court's determination of the amount of drugs for which he was accountable. We review the district court's findings of fact concerning the relevant quantity of drugs for clear error. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). First, he contends that the court erred by converting powder cocaine he distributed to its crack equivalent and, second, by converting $70,000 in cash seized from his home in December 1990 to its cocaine powder equivalent. Our review of the record discloses that, for both defendants, the district court decided against converting powder cocaine amounts to crack as urged by the government; Rowland's first argument is thus without basis.

Rowland's second argument is without merit. While the indictment charged a conspiracy beginning in the summer of 1991, drug amounts outside the count of conviction may be considered in determining the offense level if they are part of the same course of conduct or common scheme or plan as the count of conviction. USSG§ 1B1.3(a)(2). Conversion of money derived from drug trafficking to its equivalent drug amount is also permissible. USSG § 2D1.1, comment. (n.12); United States v. Hicks, 948 F.2d 877, 882-83 (4th Cir. 1991).

Rowland contends that there was no evidence to connect the money to drug trafficking, but the record reveals otherwise. His home was searched under a warrant after police received a tip that he was bringing several kilograms of cocaine from New York. Traces of cocaine were found in the box where $20,000 of the money was hidden and on pantyhose wrapped around a semi-automatic pistol found under a dresser with $18,000. A small amount of crack was also seized. Of the $70,000 in cash found in Rowland's home, $47,500 was forfeited to the United States in a civil proceeding; another $22,900 was returned to Rowland because it was not shown to be connected to drug trafficking. The district court considered only the $47,500 which Rowland forfeited. We cannot say that the district court clearly erred in finding that this money was derived from cocaine trafficking that was part of the same course of conduct as the conspiracy to which he pled guilty.

3

Rowland's last argument is that the penalties for crack cocaine offenses are unconstitutionally vague and should not have been applied. We considered and rejected his argument in United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923).

Parker objected at sentencing to the inclusion of certain amounts of crack and powder cocaine in her sentence calculation based on the testimony of two witnesses, Celestine Stamper and Antoine Smith. Both Stamper and Smith testified at length at the Fed. R. Crim. P. 11 hearing where Rowland and Parker entered their guilty pleas. Stamper testified that she bought cocaine and crack from Rowland and Parker about fifteen times between 1991 and 1993, and she described in detail several transactions involving Parker. Stamper also recorded a negotiation with Rowland and Parker for a purchase of cocaine and crack in the fall of 1993, while she was cooperating with the government. Parker sought to convince the district court at sentencing that the events related by Stamper and Smith could not have happened because she was in jail, in the hospital, or ill during all the relevant time periods. Parker was on intensive supervision probation from June 1988 to December 1991. She was ill (during a pregnancy which ended with an abortion) and living with relatives from April 1991 to October 1991. She was in jail from December 17, 1991, to March 23, 1992, and on house arrest from March 23, 1992, to November 2, 1992, when she was pregnant with Rowland's child. She was again in jail from November 19, 1992, to February 9, 1993. However, between December 1990 and May 1992, Parker incurred convictions for trespassing, speeding, reckless driving, misdemeanor assault on a law officer, felony assault on a law officer, and operating a vehicle without insurance.

The evidence showed and the district court found that Parker was at liberty during the times Stamper testified that she dealt with Parker, with the exception of one transaction which Stamper said happened in December 1992, while Parker was in jail. The district court found that Stamper's testimony was credible even though she was mistaken about one date.

Similarly, Smith testified that he bought approximately 9.5 ounces of crack from Rowland between January and March of 1991, and that

4

Parker was usually with Rowland when these transactions occurred. Parker was on probation during that time, but was not in prison or physically indisposed, and it was those transactions that the district court used in calculating her offense level. The court held Parker responsible only for those drug transactions which occurred while she was at liberty. The court's findings concerning Parker's relevant conduct were not clearly erroneous.

Last, Parker challenges the enhancement she received for the possession of weapons found in an apartment building owned by Rowland when it was searched under a warrant in October 1994, alleging that the search warrant was "unreasonable" and suggesting that drugs were planted by the police officers in the apartment where firearms were found. Although Parker initially moved to suppress the evidence seized in the search, she withdrew the motion at sentencing. The district court did not plainly err in considering the presence of the firearms and did not clearly err in making the 2-level enhancement under USSG § 2D1.1(b)(1).

We therefore affirm the sentence imposed on Parker. We affirm Rowland's sentence with the exception of the adjustment for a managerial role in the offense. We vacate his sentence and remand the case for resentencing without the adjustment. On remand, the district court may consider whether an upward departure is warranted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

5