**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arthur FLETCHER, Defendant–**
**Appellant.**

No. 94–5767.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1995.

Decided Jan. 29, 1996.

50

**52**

**ARGUED:** Martin Patrick Sheehan, Sheehan & Nugent, Wheeling, West Virginia, for Appellant. Paul Thomas Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee. **ON BRIEF:** William D. Wilmoth, United States Attorney, Wheeling, West Virginia, for Appellee.

Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.

MURNAGHAN, Circuit Judge:

Appellant Arthur E. Fletcher was convicted of cultivating marijuana in West Virginia in violation of 21 U.S.C. § 841(a)(1), then sentenced to 97 months in prison. On appeal, he brings challenges to both his conviction and his sentence. Finding no reversible error in the conduct of the trial, we affirm Fletcher's conviction. However, in light of recent amendments to the United States Sentencing Guidelines, we remand for resentencing.

**I.**

Fletcher's conviction resulted from a state and federal investigation launched after a turkey hunter reported marijuana growing near Stonewall Jackson Lake in Lewis County, West Virginia. Following the tip, investigators discovered four marijuana fields on a single mountaintop during the summer of 1993. With the aid of video surveillance and undercover agents, authorities arrested Fletcher and charged him with cultivating marijuana in violation of federal law.[1]

A federal jury in Clarksburg, West Virginia, heard Fletcher's case and returned a conviction on June 13, 1994. At the subsequent sentencing hearing, the district judge determined that Fletcher was not entitled to a sentence reduction for acceptance of responsibility because he had committed perjury at trial by claiming to be in the hunting area near the marijuana fields on the day he was arrested only to look for his dogs. The court found that the Government had proved Fletcher responsible for cultivation in two of the four fields, and therefore that Fletcher's offense involved 722 marijuana plants. Using the drug quantity table in U.S.S.G. § 2D1.1, the judge treated each plant as the equivalent of one kilogram of marijuana and calculated a base offense level of 30. She sentenced Fletcher at the lowest end of the Guideline range to 97 months in prison followed by five years on supervised release, and ordered him to pay a $50 mandatory special assessment. Fletcher filed a timely appeal on October 6, 1994, challenging both his conviction and his sentence.

**II.**

**A.**

During pretrial discovery, the magistrate judge ordered the Government to file a bill of particulars in response to Fletcher's inquiry about the number of fields or plants with which he was charged. The Government did so, answering that Fletcher was accused of involvement in "several fields." At trial, the Government offered direct evidence linking Fletcher to field one and circumstantial proof tying him to fields two, three and four. Fletcher moved for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, claiming that the Government had failed to carry its burden of proof by connecting him only to one field. The district court denied the motion, finding "that there was sufficient evidence to link the testimony concerning the four fields" to Fletcher. Fletcher argues that the court erred by allowing the case to go to the jury on proof less than that required by the bill of particulars and that his conviction thus amounts to an unconstitutional amendment of the indictment and bill of particulars, or a fatal variance between the charge and the proof at trial.

---

1. The indictment charged that Fletcher and Johnny F. Williams "aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority manufacture marijuana" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

■ A bill of particulars identifies for the defendant the area within which the government's chief evidence will fall. As we have noted, its purpose "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial ... not ... to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Medical Labs., Inc.*, 770 F.2d 399, 405 (4th Cir.1985) (citation omitted); *see also United States v. Schembari*, 484 F.2d 931, 934–35 (4th Cir.1973). A bill of particulars is not part of the indictment, nor does it constitute a change or an amendment of the charges as set forth in the indictment or information. *United States v. Francisco*, 575 F.2d 815, 819 (10th Cir.1978); *Pipkin v. United States*, 243 F.2d 491, 494 (5th Cir. 1957). It merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial. *United States v. Howard*, 590 F.2d 564, 567 (4th Cir.), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1547, 59 L.Ed.2d 795 (1979); *United States v. Johnson*, 575 F.2d 1347, 1356 (5th Cir.1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 1214, 59 L.Ed.2d 454 (1979). Furthermore, the quantity of drugs involved in an offense does not become a substantive element of the crime to be proved at trial simply because an amount is indicated in the indictment or information. *United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 131, 130 L.Ed.2d 74 (1994). In order to sustain a conviction under 21 U.S.C. § 841, the government does not have to prove that any specific quantity of drugs was involved because quantity is not a substantive element of the crime. *United States v. Uwaeme*, 975 F.2d 1016, 1018 & n. 6 (4th Cir.1992). The weight or quantity of drugs is, however, appropriately used as a factor in calculating the sentence. *Id.* at 1018; *see also United States v. Heater*, 63 F.3d 311, 322 (4th Cir.1995) (the quantity of plants is a statutory sentencing factor rather than a substantive element of the offense), *cert. denied*, —— U.S. ——, 116 S.Ct. 796, 113 L.Ed.2d 744 (1996). Thus, the Government's response of "several fields" did not establish the quantity of drugs as an element of the offense nor bind the Government to proving that Fletcher cultivated marijuana in each of the four fields. It merely amplified the charge as set forth in the indictment.

■ Moreover, any discrepancy that may have existed between the Government's bill and its proof at trial is harmless. When a defendant is convicted of charges not included in the indictment, an amendment has occurred which is *per se* reversible error. *United States v. Keller*, 916 F.2d 628, 633 (11th Cir.1990), *cert. denied*, 499 U.S. 978, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991). When the evidence at trial differs from what is alleged in the indictment, then a variance has occurred. Such a variance violates a defendant's rights and requires reversal only if it prejudices him, *id.*, either by surprising him at trial and hindering the preparation of his defense, *Howard*, 590 F.2d at 567; *United States v. Horton*, 526 F.2d 884, 887 (5th Cir.), *cert. denied*, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976), or by exposing him to the danger of a second prosecution for the same offense, *Francisco*, 575 F.2d at 819. As long as the proof at trial does not add anything new or constitute a broadening of the charges, then minor discrepancies between the Government's charges and the facts proved at trial generally are permissible. *See United States v. Miller*, 471 U.S. 130, 145, 105 S.Ct. 1811, 1819, 85 L.Ed.2d 99 (1985) (finding no violation of the defendant's Fifth Amendment right to indictment by a grand jury by a conviction obtained upon proof more narrow than what the indictment charged); *Land v. United States*, 177 F.2d 346, 348 (4th Cir.1949) (finding no error in a conviction where the government proved illegal activity on dates set forth in the bill of particulars and dates which varied slightly from those contained in the bill of particulars).

Here, there was no unconstitutional amendment. The district court did not permit Fletcher to be convicted of an offense omitted from the indictment. Nor did the judge allow proof outside that suggested by the bill of particulars. Fletcher provides no evidence that he was prevented from bringing a full defense or that he encountered unfair surprise at trial. The Government's

response "several fields" provided him with clear notice about the nature of the prosecution's allegations and sufficient information to prepare an adequate defense to evidence relating to all four fields known to be involved in the case. Neither the indictment nor the bill of particulars indicated that the Government planned to prove that Fletcher cultivated marijuana in all four fields, only that the Government could present evidence linking him to more than one field. The fact that Fletcher's attorney based his trial strategy on a mistaken interpretation of the Government's answer in its bill does not amount to prejudice on the Government's part. We therefore fail to find a fatal variance and conclude that "the indictment as amplified by the bill of particulars afforded [Fletcher] an opportunity fairly and adequately to prepare his defense." *Howard,* 590 F.2d at 567.

### B.

■■■■■ Fletcher claims he was ordered to exchange witness lists with the prosecution in violation of his Fifth Amendment rights. The day before trial, the district court overruled Fletcher's objections to the exchange and ordered him to produce the list or forego calling witnesses at trial. We previously have interpreted Rule 16 of the Federal Rules of Criminal Procedure governing discovery and inspection as placing the decision regarding pre-trial disclosure of witness lists within the sound discretion of the trial court. *United States v. Anderson,* 481 F.2d 685, 693 (4th Cir.1973); *United States v. Jordan,* 466 F.2d 99, 101 (4th Cir.1972), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262 (1973). Therefore, we review the district court's order for an abuse of discretion.

■■■■ The district judge in the present case routinely requires an exchange of witness lists prior to criminal trial in the interests of justice and fairness. While such exchanges are not mandatory, no federal court appears to have found the practice unconstitutional.[2] A trial court's exercise of its Rule 16 powers to require parties to file pretrial memoranda or disclose witnesses is generally permissible. *See, e.g., United States v. Jackson,* 508 F.2d 1001, 1007 (7th Cir.1975) (finding no abuse of discretion in court's order for mutual disclosure of witnesses). Upon review of a court order requiring the prosecution and defense to exchange lists of witnesses and summaries of their testimony as well as information about exhibits, the Court of Appeals for the Ninth Circuit ruled that the swap—though disfavored—neither affected the substantial rights of the defendant nor constituted constitutional error. *United States v. Seymour,* 576 F.2d 1345, 1348–49 (9th Cir.), *cert. denied,* 439 U.S. 857, 99 S.Ct. 171, 58 L.Ed.2d 164 (1978).

■■■■ Moreover, the district court's order in the present case need not have been triggered by a defense request for the Government's witness list in order to be proper. Pursuant to Rule 16, the court has authority to regulate discovery, which includes the power to "make such ... order as is appropriate." And Rule 2 provides that the Rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."[3] For those reasons, we conclude that the ordered production of witnesses neither violated the defendant's constitutional rights nor constituted an abuse of discretion.

### III.

Fletcher challenges his sentence on two grounds: (1) that the court erred in determining the quantity of drugs upon which she

---

**2.** Fletcher's claim places great significance on Congress' rejection of a proposed amendment to the Federal Rules of Criminal Procedure to make such exchanges mandatory. The conference committee considering the proposal in the 1970s expressed its disapproval of the practice, saying it might discourage witnesses and lead to improper contact. Fed.R.Crim.P. 16, Conference Committee Notes, House R. No. 414, 94th Congress, *reprinted in* Federal Criminal Code and Rules, at 82–83 (West 1995). However, such conference committee comments do not have the force of law. Nor does the fact that the Federal Rules of Criminal Procedure fail to endorse a particular district's practice mean that it is prohibited.

**3.** Furthermore, Fletcher has failed to explain how he was harmed by revealing the names and addresses of witnesses the day before the trial.

based his sentence calculation, and (2) that recent Sentencing Guideline amendments apply to his case. We consider the challenges in turn.

### A.

■ First, Fletcher argues that the district court erred by including in her calculation of relevant conduct 273 marijuana plants that had been cut and were no longer being cultivated. The district court overruled his objection at the sentencing hearing and counted the cut plants at issue in determining Fletcher's base offense level pursuant to U.S.S.G. § 2D1.1(c). We review the district court's findings of fact at sentencing—including the determination of the relevant quantity of drugs—for clear error. 18 U.S.C. § 3742(e); *Uwaeme*, 975 F.2d at 1018.

Congress has chosen to differentiate between live marijuana plants and harvested marijuana for sentencing purposes. By providing that processed marijuana be measured by weight but live plants be counted by number and then treated as the equivalent of an amount of dry marijuana as set by statute,[4] Congress has established a system of stepped-up punishment for growers.[5] *See United States v. Stevens*, 25 F.3d 318, 320–23 (6th Cir.1994); *United States v. Underwood*, 970 F.2d 1336, 1339–40 (4th Cir.1992); *United States v. Blume*, 967 F.2d 45, 49 (2d Cir.1992). We have upheld the Guidelines' equivalency standard for marijuana and its application to manufacturing convictions. *Underwood*, 970 F.2d at 1340 (evaluating the previous standard). But Congress has not

further subdivided live marijuana plants into growing plants and cut plants.

■ Nor has Congress drawn a distinction between marijuana plant gender. "Culling," or cutting and discarding commercially unproductive male plants, is part of the marijuana cultivation process.[6] *United States v. Proyect*, 989 F.2d 84, 87 (2nd Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 80, 126 L.Ed.2d 49 (1993). Neither 21 U.S.C. § 841(b) nor the Sentencing Guidelines provide that the court should distinguish between marijuana plant gender when sentencing an offender.[7] *Id.; United States v. Traynor*, 990 F.2d 1153, 1160 (9th Cir.1993). In fact, the most recent amendment to the relevant sentencing provision specifies that each plant should be counted as equivalent to 100 grams of marijuana "regardless of sex." U.S.S.G.App. C, amend. 516 (effective Nov. 1, 1995). Furthermore, the Sentencing Commission has recognized the debate over cuttings and further amended U.S.S.G. § 2D1.1(c) to add a new application note stating that "a 'plant' is an organism having leaves and a readily observable root formation (*e.g.*, a marihuana cutting having roots, a rootball, or root hairs is a marihuana plant)." *See* U.S.S.G.App. C, amend. 518 (effective Nov. 1, 1995). Prior to these amendments, most federal appeals courts already had rejected the argument that only mature female marijuana plants should be counted when calculating a defendant's base offense level pursuant to 21 U.S.C. § 841(b)(1)(B)(vii) and U.S.S.G. § 2D1.1 in a manufacturing case. *See, e.g., Proyect*, 989 F.2d at 88; *United States v. Curtis*, 965 F.2d 610, 616 (8th Cir.

---

**4.** Under the Sentencing Guidelines in effect since November 1, 1995, each marijuana plant is treated as the equivalent of 100 grams of dry marijuana, unless the actual weight is greater. U.S.S.G. § 2D1.1(c), n.(E) & comment. (backg'd) (1995). Prior to the 1995 amendments, each plant was treated as the equivalent of one kilogram of dry marijuana, as long as the offense involved fifty or more plants. U.S.S.G. § 2D1.1(c), n.* & comment. (backg'd) (1994).

**5.** Most circuit courts have found that the enhanced punishment system reflected in U.S.S.G. § 2D1.1(c)'s equivalency provision applies only to live plants, but the Seventh Circuit has held that the equivalency ratio should be applied to both harvested and live marijuana plants. *See United States v. Heater*, 63 F.3d 311, 322–23 n. 2

(4th Cir.1995) (recognizing circuit split), *cert. denied*, — U.S. —, 116 S.Ct. 796, 133 L.Ed.2d 744 (1996).

**6.** The male plants are necessary for seeding, however, and so constitute an integral part of the initial production process. *United States v. Proyect*, 989 F.2d 84, 87 (2nd Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 80, 126 L.Ed.2d 49 (1993).

**7.** Congress defines marijuana expansively in 21 U.S.C. § 802(16) as "[a]ll parts of the plant Cannabis sativa L., whether growing or not[.]" Appellate courts have held that the broad scope of the definition reflects Congress' intent to prohibit all varieties of marijuana. *See Proyect*, 989 F.2d at 88 (listing cases).

1992).  Many courts also had held that a cutting with roots is a "plant" under the Sentencing Guidelines.  *See, e.g., Curtis,* 965 F.2d at 616; *United States v. Carlisle,* 907 F.2d 94, 96 (9th Cir.1990).

Consequently, the district court's finding that "all of the plants be they male, female, growing or abandoned," would count for calculation of Fletcher's sentencing and relevant conduct was not error.  The determination was consistent with the relevant statutory provisions, our precedent, and the decisions of other federal courts.

### B.

Fletcher also argues that two amendments to the Sentencing Guidelines which took effect on November 1, 1995, should be applied retroactively to reduce his sentence.  We agree that the amendment to U.S.S.G. § 2D1.1 requires resentencing.

As amended, U.S.S.G. § 2D1.1(c) provides that each marijuana plant is the equivalent of 100 grams of dry marijuana regardless of its sex or the number of plants involved in the case.  While the Guidelines in effect on the date that a defendant is sentenced generally govern, 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11(a), the relevant amendment to U.S.S.G. § 2D1.1 is retroactive, U.S.S.G. § 1B1.10(c).  Therefore, a sentence reduction is authorized in Fletcher's case pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a) & (b).

Applying the amended provision, the court should treat Fletcher's involvement in the cultivation of 722 plants as the equivalent of involvement with 72.2 kilograms of dry marijuana, not 722 kilograms as calculated at the sentencing hearing.  This alteration should yield a base offense level of 22 instead of 30, and a corresponding guideline range of 41 to 51 months, rather than 97 to 121 months.  *See* U.S.S.G. § 2D1.1(c).

▮ Fletcher also argues that the amended "safety valve" provision set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 applies in his case.  The safety valve permits shorter sentences for a first-time offender who would otherwise face a mandatory minimum, provided that he meets five statutory requirements.  *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. At the sentencing hearing, the district court found Fletcher ineligible for the acceptance of responsibility reduction in U.S.S.G. § 3E1.1(a) because he perjured himself at trial.  The judge determined that Fletcher failed to warrant the reduction despite "coming clean" at sentencing by admitting that he had lied at trial by fabricating an alibi.  In light of that ruling, it is not illogical to assume that the judge similarly determined that Fletcher failed to comply with the fifth condition in 18 U.S.C. § 3553(f): that the defendant has truthfully provided to the government all information and evidence he has concerning the offense and others related to it.  18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(5).

▮ Fletcher does not argue or offer evidence that the court committed error in failing to apply the safety valve, merely that it might apply at resentencing pursuant to the relevant amendments.[8]  In general, a trial court's failure or refusal to depart downward is not reviewable unless expressly based upon the court's mistaken belief that it lacks the authority to do so.  *United States v. Lewis,* 10 F.3d 1086, 1092–93 (4th Cir.1993).  Here, there is no such indication.  In light of these principles, we believe that the judge acted within her discretion in sentencing Fletcher without the safety valve provision.

For the foregoing reasons, we affirm Fletcher's conviction, but we vacate his sentence and remand the case for recalculation of his base offense level and resentencing in accordance with this opinion.

*AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENC-*

---

**8.**  While the application of U.S.S.G. § 2D1.1(c) as amended will result in a determination that Fletcher's offense involved less than 100 kilograms of marijuana, *see supra* pt.  III.A., it appears that he nonetheless will remain subject to the mandatory minimum sentence of 60 months in prison due to his involvement with 100 marijuana plants or more.  *See* 21 U.S.C. § 841(b)(1)(B)(vii).