**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5495

GREGORY KEITH MICHAEL,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-10061)

Submitted: June 18, 1996

Decided: July 30, 1996

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary B. Zimmerman, Pittsburgh, Pennsylvania, for Appellant. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory Michael appeals his sentence arising out of his conviction on numerous drug-related charges stemming from a conspiracy involving the distribution of LSD, marijuana, and MDMA, in violation of 21 U.S.C.A. § 841(a)(1) (West 1981 & Supp. 1995), and 21 U.S.C. § 846 (1988). Michael first alleges that the district court improperly held him responsible for certain quantities of LSD in assessing his relevant conduct under the sentencing guidelines. See United States Sentencing Commission, Guidelines Manual, § 1B1.3(a) (Nov. 1994). Michael contends that the testimony of Donald Watson and Shannon Riley, on which the district court relied, lacked sufficient "indicia of reliability" under section 6A1.3(a) of the guidelines to be credited. Michael further avers that the drugs attributed to him based on the testimony of Riley involved a separate offense outside of the conspiracy. We review the district court's relevant conduct determinations for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996).

Contrary to Michael's contention, the district court made a specific finding in this case that Watson's testimony was "not unreliable." We note that that assessment properly rests within the province of the district court. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). Regarding the testimony of Riley, we find that even assuming, as Michael contends, that the district court erred by attributing .04 grams of LSD to him based on Riley's testimony, any possible error was harmless because Michael's base offense level would have been the same even if this amount had been excluded from the court's calculation. See U.S.S.G. § 2D1(c)(4).

Michael also argues that the district court erred by applying a three level upward adjustment based on his managerial of supervisory role in the conspiracy, pursuant to guideline section 3B1.1. Again, we review the court's determination for clear error. See United States v. Melton, 970 F.2d 1328, 1335 (4th Cir. 1992). The record discloses that over a period of several years, Michael participated in a conspiracy which involved the distribution of drugs in at least four states, by more than five participants. Testimony credited by the district court

2

established that Michael initiated the conspiracy, recruited accomplices, arranged for interstate shipment of large quantities of drugs, set prices for the drugs, and arranged to have various dealers help sell the drugs. Under these circumstances, the district court did not clearly err in finding that Michael qualified as a manager or supervisor under § 3B1.1. See United States v. Fones, 51 F.3d 663, 668-70 (7th Cir. 1995).

We therefore affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED