**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5578

DAVID LYNN ROGERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CR-94-38-F)

Submitted: July 30, 1996

Decided: August 23, 1996

Before HAMILTON and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. James Payne, POWELL & PAYNE, Shallotte, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Eric Even-
son, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, David Lynn Rogers was convicted of one count of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (1988), and one count of criminal forfeiture pursuant to 21 U.S.C. § 853(a)(1), (2) (1988). Rogers appeals his conviction on several grounds. We find no merit to his claims; consequently, we affirm.

From 1990 to 1994, Kenneth Spence, Ronnie Musselwhite, and others were involved with buying marijuana in Louisiana, Alabama, and Texas, and bringing it to North Carolina and South Carolina for distribution. Rogers became involved in 1992 when Musselwhite introduced him to Spence. Rogers began regularly buying between ten and thirty pounds of marijuana from Spence. Later, Rogers and his nephew, Keith Rogers, began meeting with Spence and Spence's girl-friend, Crystal Lazarus, to make purchases of up to forty pounds of marijuana at a time. These transactions continued through 1994. Sometimes, Rogers also bought marijuana directly from Musselwhite from shipments Musselwhite was delivering to Spence. Rogers continued doing business with both Musselwhite and Spence even after Spence stopped dealing directly with Musselwhite.

Rogers also had dealings with other people, including Russell Miller, who sold him marijuana. At other times, Rogers sold Miller marijuana he had obtained from Musselwhite.

In September 1993, Musselwhite became an informant for the North Carolina State Bureau of Investigation ("NCSBI"). In this capacity, he tape recorded a conversation with Rogers in which they discussed Musselwhite's loan of shotguns to an unnamed person later identified as Spence and the arrest of a man in Wilmington, North Carolina, who had more than 300 pounds of marijuana and $118,000

2

in his possession at the time of the arrest. Rogers stated that he knew that the marijuana had come from the same supplier he had used by the way it had been packaged. During Rogers' jury trial, portions of the tape recorded conversation were played for the jury.

The criminal investigation continued into 1994. In early December 1994, Spence's source in Texas delivered between 100 and 200 pounds of marijuana to Spence, who in turn gave Rogers and his cousin seventy-five and one quarter pounds for which they were to pay him $1000 per pound. Rogers paid $25,000 a few days later. When Spence was arrested shortly thereafter, his billfold contained a record stating that "KD" owed him $50,250. Spence testified that the notation meant that Keith and David Rogers owed him $50,250. During a warranted search of Spence's home, police found David Rogers' business card with the pager numbers of both David and his cousin.

The jury convicted Rogers of conspiracy to possess with intent to distribute marijuana and the court sentenced him to 121 months in prison. Rogers timely appealed.

I.

Pursuant to Fed. R. Crim. P. 29, Rogers filed a motion for a judgment of acquittal, which the trial court denied. The court then instructed the jury regarding both single conspiracies and multiple conspiracies. On appeal, Rogers claims that the district erred in denying his motion for judgment of acquittal because the evidence at trial established multiple conspiracies rather than the single conspiracy charged in the indictment.

The Government bears the burden of proving a single conspiracy charged in an indictment. United States v. Hines , 717 F.2d 1481, 1489 (4th Cir. 1983), cert. denied, 467 U.S. 1214 (1984), and cert. denied, 467 U.S. 1219 (1984). Whether the evidence shows a single conspiracy or multiple conspiracies, however, is a question of fact and is properly the province of the jury. United States v. Banks, 10 F.3d 1044, 1051 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3755 (U.S. May 16, 1994) (No. 93-8404), and cert. denied, ___ U.S. ___, 62 U.S.L.W. 3825 (U.S. June 13, 1994) (No. 93-8056); United States v. Urbanik, 801 F.2d 692, 695 (4th Cir. 1986). "A single con-

spiracy exists where there is `one overall agreement,' . . . or `one general business venture.' Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988) (citations omitted). Where a jury is properly instructed regarding a single versus multiple conspiracies, a finding of a single conspiracy must stand unless the evidence, taken in the light most favorable to the Government, would not allow a reasonable jury to reach such a conclusion. United States v. Camps , 32 F.3d 102, 104 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3626 (U.S. Feb. 21, 1995) (No. 94-6853). Here, the record discloses sufficient evidence for a reasonable jury to find Rogers guilty of participating in a single conspiracy.

The Government presented several witnesses who testified about drug trafficking activities from Texas to the Carolinas from 1990 to 1994. Although Rogers claims that nobody participated in the conspiracy from beginning to end, Spence testified that his involvement continued to some extent throughout the entire time span. When Rogers became involved in the drug activities in 1992, he purchased marijuana from both Spence and Musselwhite. The evidence showed that Rogers knew the conspiracy's main purpose and voluntarily participated in it. A reasonable jury could find from the evidence presented at trial that all of the co-conspirators in the Carolinas worked with each other to obtain large quantities of marijuana from Texas. The fact that the co-conspirators may have competed with one another for supplies or customers does not disprove the existence of a single conspiracy. Banks, 10 F.3d at 1054. Consequently, the district court did not err by denying Rogers' Rule 29 motion.

II.

Over Rogers' objections, the district court allowed the Government to introduce at trial the tape recorded conversation between Musselwhite and Rogers. As the Government notes, Rogers does not object to the introduction of his portions of the taped conversation; rather, he objects to the introduction of Musselwhite's statements as inadmissible hearsay.

The taped conversation was introduced as Rogers' statement. Musselwhite's portion of the conversation was needed to enable the jury

4

to comprehend the context in which Rogers made his statements. Thus, Musselwhite's statements were offered not for the truth of the matters he asserted, but rather to enable the jury to understand Rogers' statements.

Rogers' taped statements were admissible as statements against interest under Fed. R. Evid. 801(d)(2)(A). Musselwhite's statements were admissible to establish the context of Rogers' statements and, as such, were not hearsay. Therefore, the district court did not exceed its discretion by admitting the tapes into evidence. United States v. McDowell, 918 F.2d 1004, 1007 (1st Cir. 1990); cf. United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994) (absent extraordinary circumstances or clear abuse of discretion, appeals court will not interfere with trial court's evidentiary rulings).

III.

The district court attributed 2000 pounds of marijuana to Rogers for sentencing purposes. On appeal, Rogers challenges his sentence calculations, claiming that the district court attributed too much marijuana to him.

In drug cases, a "defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." United States Sentencing Commission, Guidelines Manual, § 1B1.3, comment. (n.2) (Nov. 1994). A defendant is liable for the acts of his co-conspirators if those acts "fall within the scope of" the criminal agreement, even if the defendant and his co-conspirators have not expressly agreed to undertake any particular act. United States v. Irvin, 2 F.3d 72, 75 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7103). The Government must establish by a preponderance of the evidence that a particular amount of drugs may be attributed to a particular defendant for sentencing purposes. United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). The government may meet its burden by pointing to evidence adduced at trial, and the sentencing court may consider other reliable evidence without regard to whether it was or could have been admitted at trial. Cf. id. On appeal, the sentencing

5

court's determination of the quantity of drugs attributable to a defendant must be upheld unless clearly erroneous. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 24, 1996) (No. 95-9447).

Rogers' claim that the district court attributed too much marijuana to him is without merit. The court attributed to Rogers only the amount of marijuana he received from Musselwhite and Spence. At the sentencing hearing, Agent Netherland of the North Carolina State Bureau of Investigation testified that Musselwhite said he had distributed 1000 pounds of marijuana to Rogers and Spence said he had distributed 1000 to 1500 pounds of marijuana to Rogers. Although Rogers claims that Netherland was unable to corroborate these estimates, the agent testified that the amount Spence claimed to have distributed to Rogers was consistent with the amount Musselwhite said was distributed at that time. Furthermore, he noted that Crystal Lazarus witnessed many of the transactions and therefore could corroborate Spence's estimates, and that Russell Miller, who dealt with Musselwhite through Rogers, could verify Rogers' participation in the drug distributions. Finally, Netherland said that the co-conspirators with whom he spoke had given consistent statements about their participation in the conspiracy and that he had "no reason to doubt . . . that they would be incorrect on this one individual." In light of the evidence, we find that the district court did not clearly err in attributing 2000 pounds of marijuana to Rogers.

IV.

Rogers argues that the district court should have granted him a two-level decrease in his offense level for being a minor participant in the conspiracy. See U.S.S.G. § 3B1.2(b) (Nov. 1994). He claims he is entitled to a lower offense level because he did not become involved in the conspiracy until "very late" in its existence and was involved only in the lower echelon of the enterprise. These claims are without merit.

A minor participant, for purposes of U.S.S.G. § 3B1.2(b), is "any participant who is less culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n.3). This Court will not disturb a district court's denial of a decrease in offense level under U.S.S.G.

6

§ 3B1.2(b) unless that decision was clearly erroneous. <u>United States v. Terry</u>, 86 F.3d 353, 358 (4th Cir. 1996).

Here, although Rogers did not join the conspiracy until two years after its inception, he was an active participant from that point on until his arrest. In general, a drug seller in a drug conspiracy cannot be considered a minor participant. <u>United States v. Brooks</u>, 957 F.2d 1138, 1149 (4th Cir.), <u>cert. denied</u>, 505 U.S. 1228 (1992). Evidence presented at trial showed that Rogers' involvement in the conspiracy included not only buying and selling marijuana, but also arranging for financing for drug transactions. In light of this evidence, the district court's refusal to characterize Rogers as a minor participant was not clearly erroneous.

V.

For these reasons, we affirm Rogers' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>