UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MIKE TURLEY,

*Defendant-Appellant.*

No. 99-4868

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-24)

Submitted: October 31, 2000

Decided: November 30, 2000

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John C. Parr, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Wayne Turley was convicted by a jury of one count of conspiracy to distribute methamphetamine, 21 U.S.C. § 846 (1994), for which he was sentenced to 151 months imprisonment. Turley appeals, claiming that the government's evidence was insufficient to support his conviction and that the district court clearly erred in determining the quantity of drugs attributable to him at sentencing.

We find that sufficient evidence existed to support Turley's conviction for conspiracy. To prove a drug conspiracy, the government must establish: (1) an agreement to distribute existed between two or more persons; (2) the defendant knew of the agreement; and (3) the defendant knowingly and voluntarily became part of the conspiracy. *See United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996). With respect to the last element, the government need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. *See id.* at 858. To support the conviction, the evidence need only establish a slight connection between the defendant and the conspiracy. *See United States v. Seni*, 662 F.2d 277, 285 n.7 (4th Cir. 1981). Finally, the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction. *See United States v. Burns*, 990 F.2d 1426, 1439 (4th Cir. 1993). Several of Turley's co-conspirators testified at trial and connected him to the conspiracy. Turley's challenges to the credibility of these witnesses are not subject to review by this court. *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

We also find that the district court did not clearly err in determining the quantity of drugs attributable to Turley at sentencing. *See United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996). After full and careful consideration of all pertinent evidence, the district court made specific findings relative to the credibility of the witnesses when making its determination as to drug quantities. Moreover, the district judge had the opportunity to observe the witnesses during the trial and to assess their demeanor and credibility. We cannot say that the district court's conclusions regarding drug quantity were clearly

erroneous. *See United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994).

Accordingly, we affirm Turley's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*