**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

GUMERCINDO ARCADIO-ESTEVEZ,
            *Defendant-Appellant.*

No. 02-4191

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ARNULFO JAIMES,
            *Defendant-Appellant.*

No. 02-4207

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-01-245)

Submitted: August 29, 2002

Decided: September 24, 2002

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina; Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem,

North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In these consolidated appeals, Gumercindo Arcadio-Estevez and Arnulfo Jaimes appeal their convictions and sentences. The Appellants were convicted of one count of conspiracy to distribute in excess of five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841, 846(a)(1), (b)(1)(A) (2000). On appeal, both Appellants challenge the district court's finding regarding drug quantity for sentencing purposes. Arcadio-Estevez claims evidence from a witness regarding domestic abuse was admitted in error. Finding no reversible error, we affirm.

Arcadio-Estevez contends evidence of drug quantity was vague and imprecise. Jaimes contends the Government did not prove by a preponderance of the evidence that he was responsible for five kilograms of cocaine. The district court's drug quantity determination is reviewed for clear error, *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996), although the Government has the burden of establishing the amount by a preponderance of the evidence, *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). The Sentencing Guidelines do not demand certainty and precision; they demand that a court do the best it can with the evidence in the record, erring on the side of caution. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). Based on trial testimony, the jury's guilty verdicts, and the Presentence Investigation Report, we find the district court did not clearly err with regard to its drug quantity findings.

Arcadio-Estevez did not object to evidence regarding abuse of his girlfriend. In fact, he brought out more evidence concerning the abuse on cross-examination. Our review is for plain error. Under this standard, Arcadio-Estevez must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If the three elements are met, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotation marks omitted). We find the evidence of abuse was relevant and not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 402, 403.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*