**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

RONALD G. JOHNSON,
  *Defendant-Appellant.*

No. 02-4018

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CR-01-10019)

Submitted: September 30, 2002

Decided: October 10, 2002

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Ronald G. Johnson, Appellant Pro Se. Ruth Elizabeth Plagenhoef, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronald G. Johnson appeals his conviction after a jury trial of twenty counts of preparing or aiding and abetting the preparation of false claims against the United States, in violation of 18 U.S.C. §§ 2, 287 (2000). Finding no reversible error, we affirm.

Johnson contends that the indictment was defective because he was accused of filing fraudulent tax returns and, therefore, he should have been charged under Title 26 rather than Title 18, United States Code. Johnson also asserts that the Government failed to present to the grand jury evidence that he aided or abetted the preparation or filing of false returns, which invalidates his indictment under 18 U.S.C. § 2.

Although the conduct alleged in the indictment arguably violated both 18 U.S.C. § 287 and 26 U.S.C. § 7206(2) (2000), the charging decision is committed to the discretion of the United States Attorney. *See United States v. Wilson*, 262 F.3d 305, 315 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 122 S. Ct. 1908 (2002). Johnson also argues that, because there was no mention of 18 U.S.C. § 2 before the grand jury and he was only convicted of aiding and abetting in violation of § 2, his convictions are invalid. We note that the jury verdict sheet does not indicate whether the jury found that Johnson acted as a principal or as an aider or abetter for any particular count of conviction.

A defendant bears an especially high burden in attacking an indictment after conviction. *See United States v. McDonald*, 61 F.3d 248, 252 (4th Cir. 1995). Our review of the portion of the grand jury transcript Johnson attached to his appeal convinces us that the grand jury was provided sufficient information to return an indictment of aiding and abetting the preparation of false tax returns against Johnson. Although the IRS agent did not specifically mention a citation to the aiding and abetting statute, his testimony before the grand jury established probable cause to believe that Johnson participated in the preparation and submission of false claims both as a principal and as an aider or abetter. Finally, any error in the presentation to the grand jury is harmless in light of the trial jury's finding that Johnson's guilt was

established beyond a reasonable doubt. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986).

In a related argument, Johnson asserts that his arrest was invalid under Fed. R. Crim. P. 40 and the charges against him should have been dismissed. Johnson argues that he was not provided a copy of the arrest warrant within ten days of his arrest, and that he was not arrested based upon the indictment or warrant, but on a handwritten piece of paper. The record, however, shows that a grand jury in the Western District of Virginia returned an indictment charging Johnson, and an arrest warrant was issued based upon the indictment. Subsequently, certified copies of the indictment and arrest warrant were transmitted to the district court for the District of Delaware, where Johnson then resided, and Johnson was arrested pursuant to the warrant. Johnson was brought before a magistrate judge the same day he was arrested for an initial appearance and identity hearing. Contrary to Johnson's assertions, the arresting officer is not required to have the warrant at the time of arrest. *See* Fed. R. Crim. P. 4(d)(3); *United States v. Salliey*, 360 F.2d 699, 704 (4th Cir. 1966). We conclude that the Government complied with Rule 40 and that Johnson's arguments for a dismissal of the charges are without merit.

Johnson next asserts that, because the crime of filing false tax returns is not completed until the return is filed with the IRS, and the filing occurred in Philadelphia, no criminal act occurred in the Western District of Virginia. Therefore, the district court for the Western District of Virginia did not have jurisdiction to conduct his trial, and venue for his trial was proper only in Philadelphia. In support of this argument, he also asserts that, because the gravamen of his crime was a tax offense, he should have been given the benefit of the venue provision of 18 U.S.C. § 3237(b) to be tried in the district in which he resided, Delaware. Accordingly, he asserts that venue for his trial properly lay only in either Philadelphia or the district of Delaware, but not in the Western District of Virginia. We find these arguments without merit.

The jurisdiction of the district courts extends to "all offenses against the laws of the United States." 18 U.S.C. § 3231 (2000); *see generally United States v. Cotton*, ___ U.S. ___, 122 S. Ct. 1781, 1784-85 (2002) (discussing criminal jurisdiction of district courts).

Because the indictment properly alleged an offense against the laws of the United States, the district court had jurisdiction over Johnson and the charged crimes.

Johnson's argument that venue was not proper in the Western District of Virginia has been rejected by this court. *See United States v. Blecker*, 657 F.2d 629, 632-33 (1981). In *Blecker*, the court rejected a venue challenge in a prosecution under 18 U.S.C. § 287, stating that "venue lies to prosecute a violator of this statute in either the district in which the claims were made or prepared, or the one in which they were presented to the government." *Id.* at 632 (internal citations omitted). Johnson's attempt to invoke the choice of venue provisions in 18 U.S.C. § 3237(b) is likewise meritless. As discussed above, the indictment validly charged Johnson with a violation of the false claims statute, not a violation of the Internal Revenue Code. Finally, the evidence produced at trial clearly established that Johnson prepared, or assisted the preparation of, false tax returns in Lynchburg, Virginia, satisfying the prosecution's burden to prove venue by a preponderance of the evidence. *See Blecker*, 657 F.2d at 320.

Johnson next alleges that his right to a speedy trial was violated, at least in part as a result of the district court assigning counsel to represent him. The Speedy Trial Act, 18 U.S.C. § 3161 (2000), requires that the trial of a defendant charged in an indictment commence within seventy days "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). Johnson first appeared before a judicial officer in the Western District of Virginia on July 16, 2001. Without any periods of exclusion, then, Johnson's trial should have commenced on or before September 24, 2001.

The Act excludes from the time in which trial must commence periods of delay as a result of "any proceeding, including any examination, to determine the mental competency . . . of the defendant," and "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(A), (F). On August 10, 2001, the district court granted the defense's motion for a psychiatric examination of Johnson and a competency hearing. After the examination was completed, a competency hearing was held on

November 14, 2001. Accordingly, the speedy trial deadline was extended for over three months, which extended the permissible trial date until December 24, 2001. Moreover, the plethora of pretrial motions filed by Johnson provided excludable periods of delay. *See Henderson v. United States*, 476 U.S. 321, 330 (1986); *United States v. Osteen*, 254 F.3d 521, 525 (4th Cir. 2001). As Johnson's trial commenced on December 19, 2001, we conclude that his right to a speedy trial was not violated.

Nor was Johnson's Sixth Amendment right to a speedy trial impaired. This court considers four factors to determine whether a defendant's Sixth Amendment speedy trial right has been violated: "whether the delay before trial was uncommonly long, whether the government or the defendant is more to blame for that delay, whether in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

The delay between Johnson's arrest and his trial, roughly eight months, was not uncommonly long. *See Doggett*, 505 U.S. at 652. We also conclude that Johnson is responsible for the majority of the delay in this case. The combination of Johnson's numerous pretrial motions and the requested psychiatric evaluation caused significant pretrial delay. The Government requested one continuance of slightly more than thirty days, which the district court granted after finding "that the ends of justice served by granting such continuance outweigh the best interest of the public and the defendant in a speedy trial pursuant to Title 18 U.S.C. Sections 3161(h)(7) and 3161(h)(8)(A)." Johnson clearly fulfills the third *Thomas* factor, as he voiced his desire for a speedy trial very early in the proceedings, prior to his transfer to the Western District of Virginia. We conclude, however, that Johnson cannot show that he suffered prejudice as a result of the delay. Johnson called no witnesses at his trial other than himself, and has not asserted that any witness he might have called became unavailable as a result of the delay in his trial. Moreover, this was in large part a "paper" case in which witness testimony served primarily to authenticate the documentary evidence and establish a link between Johnson and those documents. We conclude that Johnson's speedy trial rights under the Sixth Amendment were not violated.

Johnson next argues that the district court erred in denying his request for a bill of particulars and that the Government did not provide adequate pretrial discovery. The denial of a request for a bill of particulars is reviewed for an abuse of discretion. *See United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985). A bill of particulars is granted in order to allow the defense additional information to prepare for trial and avoid unfair surprise, but it "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). Johnson's requests for a bill of particulars did not specify what information he sought that was not included in the indictment. Moreover, at his arraignment, Johnson acknowledged that he had received a copy of the indictment, and that he understood the charges against him. We therefore conclude that the district court did not err in denying Johnson's request for a bill of particulars.

With regard to Johnson's assertion that the Government did not provide required discovery to him, we find that this claim is belied by the record. At several points during his trial, Johnson objected to a Government witness or evidence on the grounds that he was not aware the witness would be called, the nature of the testimony, or the nature of the evidence offered. The Government replied, and Johnson often acknowledged, that he had been provided copies of witness statements and documentary evidence. This court has held that the decision whether to require an exchange of witness lists under Fed. R. Crim. P. 16 is within the discretion of the trial court. *See United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996). In this case, the joint discovery order was silent as to witness lists. Because Johnson had no right to a list of witnesses the Government intended to call, and he received the discovery to which he was entitled, his assertion of error is baseless.

Johnson asserts the district court improperly instructed the jury, in part by instructing the jury that his crimes were a "continualing [sic] offense." "This court reviews jury instructions in their entirety and as part of the whole trial" to determine "whether the court adequately instructed the jury on the elements of the offense and the accused's defenses." *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995) (quoting *United States v. Fowler*, 932 F.2d 306, 317 (4th Cir. 1991)). Johnson asked the court to instruct the jury based upon case law he

presented that purportedly supported his theories that he was charged under the incorrect section of the United States Code, that merely preparing false claims was not a crime, that the crime of presenting false claims was not completed until the claims were filed with the IRS, and because the filing occurred in Philadelphia, the district court had no jurisdiction over him. The district court rejected Johnson's legal theories and refused to allow him to present them to the jury, or to instruct the jury on these theories.

As discussed above, the district court had jurisdiction over Johnson and the crimes charged, and venue was proper in the Western District of Virginia. Moreover, the evidence clearly demonstrated that the claims in question were prepared in the Western District of Virginia and were in fact presented to the IRS. Our review of the record demonstrates that the instructions requested by Johnson were not correct statements of the law and were not supported by the facts. The district court properly rejected Johnson's proffered instructions. We also conclude that the instructions given by the district court correctly stated the elements of the offenses charged and were otherwise correct statements of the law applicable to this case. Finally, Johnson's contention that the district court instructed the jury that the charged crimes were a continuing offense is belied by the record.

Johnson asserts the evidence was insufficient to sustain his conviction. He also alleges error in the purported fact that one juror refused to sign the verdict sheet. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

We have carefully reviewed the record, which included lengthy and detailed testimony against Johnson. We conclude that the evidence of

Johnson's guilt was overwhelming. Johnson's contention that a juror refused to sign the verdict form is likewise baseless. The verdict sheet in this case was properly signed by the jury foreperson, the only person required to sign the verdict sheet. We also conclude that the district court did not err in directing the jury to return to the deliberation room when it was discovered that the verdict on Count Thirteen had not been marked on the verdict sheet. The jury retired, marked the verdict for Count Thirteen, and returned to the courtroom. Finally, the jury was polled at Johnson's request. We find no indication of any improper conduct by the jury, and conclude this argument is without merit.

We therefore deny Johnson's motion for dismissal, motion for a copy of his appeal, motion to expedite his appeal, and all other pending motions for general relief, and affirm his convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*