Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4758**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL E. SAVILLA,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   Charles H. Haden II, District Judge.  (CR-03-68)

Submitted:  March 12, 2004          Decided:  September 9, 2004

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samuel E. Savilla appeals from the judgment of the district court convicting him of manufacturing marijuana in violation of 21 U.S.C. § 841 (2000), and sentencing him to eighteen months imprisonment. Finding no error, we affirm.

Savilla's initial claim of error on appeal is that the district court erred in attributing ninety-one marijuana plants found in his backyard as relevant conduct under U.S. Sentencing Guidelines Manual § 2D1.1 (2002). Because this claim involves a matter of law, we review it de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996).

The sentencing guidelines encompass a broad range of activity with respect to the cultivation of marijuana plants, see USSG § 2D1.1, comment. (backg'd), and we have passed favorably on this scheme, noting "Congress has established a system of stepped-up punishment for growers." United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). The basis of this scheme is that each marijuana plant has the potential to produce at least one hundred kilograms of dried marijuana. See USSG § 2D1.1, comment. (backg'd).

Our review of the record discloses that it is uncontested that the plants in question grew after Savilla tossed marijuana seeds on the ground in his yard. Moreover, although he did not care for these plants in the same manner as those he germinated

indoors and transplanted to his garden, Savilla took no action to destroy them. Under these circumstances we cannot conclude that the district court erred in attributing the disputed plants as relevant conduct.

In his proposed supplemental brief, Savilla also questions the continuing validity of the Sentencing Reform Act of 1984, Pub. Law No. 98-473 (1984), on the basis of the Supreme Court's ruling in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). This Court has considered this argument and rejected it. <u>See</u> <u>United States v. Hammoud</u>, No. 03-4253 (4th Cir. Aug. 2, 2004) (order).

Accordingly, although we grant Savilla's corrected motion to file a supplemental brief, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>