**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4791**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JASON P. BELCHER, a/k/a Biz,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:09-cr-00158-3)

─────────────

Submitted: April 27, 2011          Decided: May 23, 2011

─────────────

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Matthew A. Victor, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joseph F. Adams, Special Assistant United States Attorney, Huntington, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason P. Belcher was convicted by a jury of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a), 846 (2006), and distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). He was sentenced to 216 months' imprisonment. On appeal, Belcher argues that the district court erred (1) in denying his motion to suppress; (2) in permitting the Government to strike the only Asian American individual from the venire; (3) in denying his motion to strike a juror for cause; and (4) in admitting evidence of his prior incarceration. He also argues that his sentence is procedurally and substantively unreasonable. We affirm.

Belcher argues that the district court erred in denying his motion to suppress the evidence recovered during the search of his apartment pursuant to a search warrant because the agents' decision to seek the warrant and the issuing judge's decision to grant it were influenced by evidence obtained from a prior entry of the apartment without a warrant and without consent. We review a district court's factual findings underlying the denial of a motion to suppress for clear error, and review its legal determinations de novo. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003).

2

After reviewing the record, we conclude that, even if some evidence to support the warrant was obtained from an illegal entry of Belcher's apartment, significant independent evidence established probable cause for the warrant. Thus the district court did not err in denying Belcher's motion to suppress.

Belcher next contends that the district court violated the Equal Protection Clause of the Fifth Amendment by permitting the Government to strike the only Asian American individual from the venire. Belcher asserts that the Government's proffered explanation for the strike was not applied to similarly situated individuals. Under Batson v. Kentucky, 476 U.S. 79 (1986), the use of a peremptory challenge for a racially discriminatory purpose offends the Equal Protection Clause. Id. The trial court's resolution of a Batson challenge is largely a credibility determination, and thus we give deference to the trial court's findings as to whether a Batson violation occurred, reviewing its findings for clear error. United States v. Green, 599 F.3d 360, 377 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010); United States v. Farrior, 535 F.3d 210, 221 (4th Cir. 2008). Our review of the record leads us to conclude that the district court did not clearly err in finding that Belcher failed to establish purposeful discrimination.

3

Next, Belcher contends that the district court erred in denying his motion to strike a juror for cause. According to Belcher, the juror was biased in favor of police officers because she stated during voir dire that she would give the testimony of a police officer greater weight than that of an ordinary witness. We review a district court's determination of whether a juror should be excused for cause for abuse of discretion. Patton v. Yount, 467 U.S. 1025, 1038 (1984). Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in denying Belcher's motion to strike the juror for cause.

Next, Belcher argues that the district court plainly erred by permitting the Government to elicit from a witness evidence of Belcher's prior incarceration, in violation of its order prohibiting the Government from introducing into evidence Belcher's prior conviction for possession of cocaine base. Belcher did not object to the testimony, and thus we review his claim for plain error. United States v. Brewer, 1 F.3d 1430, 1434 (4th Cir. 1993). To demonstrate plain error, Belcher must show that (1) there was an error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Belcher makes this three-part showing, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness,

4

integrity or public reputation of judicial proceedings." Id. at 736. Applying this standard, we conclude that any error did not affect Belcher's substantial rights.

Belcher next challenges his sentence as both procedurally and substantively unreasonable. Specifically, Belcher argues that the district court improperly calculated the Guidelines range by attributing to him excessive drug weight based on double counting and the unreliable testimony of co-conspirators. He also argues that the court erred in finding that a three-level enhancement for a leadership role was warranted and in failing to consider the relevant 18 U.S.C. § 3553(a) (2006) factors when imposing sentence. Finally, Belcher contends that the 216-month sentence is substantively unreasonable and fails to reflect his history and characteristics and in overstating the seriousness of his criminal history.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 50 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

5

§ 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

A district court's finding regarding drug weights is factual in nature and is therefore reviewed for clear error. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). We conclude that the district court's determination of the drug weight attributed to Belcher was clearly supported by the evidence in the record.

Similarly, we review a district court's application of a leadership role enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1 (2009) for clear error. United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009). In determining a defendant's leadership role, the sentencing court must consider seven factors:

> (1) the exercise of decision making authority, (2) the nature and participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

USSG § 3B1.1, comment. (n.4); Cameron, 573 F.3d at 184.

After reviewing the record, we conclude that the district court's application of a three-level enhancement to Belcher's offense level was well supported.

Finally, we conclude that the district court adequately explained the reasons for the chosen sentence and appropriately applied the relevant 18 U.S.C. § 3553(a) (2006) factors.

The sentence imposed is also substantively reasonable. A sentence within the properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). In this case, Belcher received a sentence of 216 months' imprisonment, near the low-end of the properly calculated Guidelines range, and the record does not reveal any facts that would rebut the presumption of reasonableness.

Accordingly, we affirm the district court's judgment. We deny Belcher's pro se motions for judicial notice, to relieve counsel, to file a pro se supplemental brief, and to strike counsel's brief. We deny as moot Belcher's motion for an extension of time to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED