**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5754

ARNULFO D. BENAVIDES, a/k/a
Arnold,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-92-67-NN)

Submitted: October 29, 1996

Decided: January 14, 1997

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard E. Slaney, WOLCOTT, RIVERS, WHEARY, BASNIGHT &
KELLY, P.C., Virginia Beach, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Harvey L. Bryant III, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Arnulfo D. Benavides pled guilty to conspiracy to distribute in excess of 1000 kilograms of marijuana in violation of 21 U.S.C.A. §§ 846, 853 (West Supp. 1996).**1**  He appeals, contending that the district court's findings at sentencing were clearly erroneous, his guilty plea was invalid and not supported by a factual basis, his counsel was ineffective, and he was entitled to the preparation of a new presentence report before he was resentenced. We grant Benavides' motion to file a pro se supplemental brief. Finding no error, we affirm.

I.

Benavides first claims that he should be allowed to withdraw his guilty plea because he understood that the government agreed to recommend limiting his term of incarceration to a maximum of ten years. Because Benavides received a twenty-year sentence, he asserts that his misunderstanding regarding the length of his sentence negates the voluntariness of his plea.

Although Benavides seeks to withdraw his plea on appeal, he failed to move to withdraw the plea under FED. R. CRIM. P. 32(d), in the district court. Thus, Benavides' reliance on United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995), is misplaced. Further, the record discloses that Benavides' plea was entered voluntarily. During the FED. R. CRIM. P. 11 colloquy, the court informed Benavides of the maxi-

_____

**1** The indictment also charged Benavides' co-conspirators--David Martin Hamrick, Joyce Ann Hopkins, Ronald E. Brandt, and Steven E. Little--with conspiracy to distribute marijuana, among other offenses. Hamrick and Brandt pled guilty. Little pled not guilty but was found guilty after a bench trial. Hopkins pled not guilty and was acquitted by a jury.

mum penalty he could receive. Benavides did not object to the recommended guideline range in the presentence report nor did he object at sentencing to the recommended range of more than ten years. The court also asked Benavides during the Rule 11 hearing whether his plea was the result of any threats or promises.

Benavides next asserts that he cannot be guilty of participating in a conspiracy with Ronald Walk because Walk was acting as a government agent. Although Benavides correctly notes that one cannot conspire with a government agent, see United States v. Heater, 63 F.3d 311, 323 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3485 (U.S. Jan. 16, 1996) (No. 95-7090), the conspiracy involved participants other than Walk. A factual basis therefore supported Benavides' guilty plea.

II.

Benavides raises several sentencing errors. First, he claims that the district court had no factual basis for attributing 18,194 pounds (or 8252 kilograms) of marijuana to him at sentencing. He specifically challenges shipments of 6904 pounds and 10,000 pounds.

At sentencing, Walk testified that from a truckload of marijuana Benavides delivered in North Carolina, he unloaded boxes numbered one through twenty-five containing 1726 pounds of marijuana; seventy-five other numbered boxes on the truck contained marijuana and other unmarked boxes contained broccoli to conceal the drugs. Based on Walk's testimony, the court determined that each of the twenty-five boxes Walk unloaded contained 69.04 pounds of marijuana. Since there were an additional seventy-five boxes containing marijuana presumably containing 69.04 pounds of marijuana each, the court found that the North Carolina truck contained an additional 5178 pounds, for a total of 6904 pounds of marijuana. Although Benavides contends that the court should not have considered Walk's testimony, the district court is entitled to rely on any reliable and relevant information, including hearsay. See Puckett , 61 F.3d at 1095 (citing United States v. Roberts, 881 F.2d 95, 105-06 (4th Cir. 1989)). Because the district court's finding was supported by the evidence presented at sentencing, we find that the court's estimate was not clearly erroneous. See United States v. Fletcher , 74 F.3d 49, 55 (4th

3

Cir.) (stating standard of review), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447).

In addition to the 6904-pound shipment, Benavides conceded that he was responsible for 1290 pounds of marijuana, for a total of 8194 pounds (or 3716.79 kilograms). Although Benavides also challenges the 10,000-pound shipment, we need not consider whether the court's findings with regard to that shipment were clearly erroneous because the court appropriately attributed 8194 pounds (or 3716.79 kilograms) to Benavides, for a base offense level of 34 under U.S.S.G. § 2D1.1.[2]

Benavides' claim that he should not have received a four-level enhancement for his role in the offense under U.S.S.G. § 3B1.1(a) also fails. Testimony at sentencing disclosed that Benavides oversaw the entire conspiracy and that Walk and four other indicted co-conspirators followed orders given by Benavides. The district court's application of the four-level enhancement was not clearly erroneous. <u>See United States v. Hyppolite</u>, 65 F.3d 1151, 1159 (4th Cir. 1995) (stating standard of review), <u>cert. denied</u>, ___ U.S. ___, 64 U.S.L.W. 3708 (U.S. Apr. 22, 1996) (No. 95-8395). Nor was the court's failure to award Benavides a reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1 clearly erroneous. Benavides did not accurately portray his participation in the conspiracy or the amount of proceeds he received from his illegal activities.

III.

Benavides contends that his trial counsel rendered ineffective assistance by informing him that an agreement had been reached to limit his prison term to ten years when no such agreement existed and by failing to prepare him for testifying at sentencing. We decline to address these claims because it does not conclusively appear from the record that counsel was ineffective. Rather, these claims are more appropriately raised in the district court in a motion under 28 U.S.C. § 2255 (1994), <u>amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. <u>See United States v. Ford</u>, 88 F.3d 1350, 1363 (4th Cir. 1996).

_____

[2] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1992).

IV.

Benavides asserts that he was entitled to preparation of a new pre-sentence report before the district reimposed judgment because his conduct during incarceration is relevant and important. Because the district court properly vacated and reentered the original judgment of conviction under United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), solely to afford Benavides an opportunity to appeal, we reject this claim.

V.

Accordingly, we affirm Benavides' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5