UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                           No. 96-4414

JOHN MARSHALL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                           No. 96-4518

DANIEL SALEH,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-28)

Submitted: January 14, 1997

Decided: April 17, 1997

Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan G. McGonigal, BAILEY, RILEY, BUCH & HARMAN, L.C.,
Wheeling, West Virginia; William C. Gallagher, CASSIDY, MYERS,

COGAN, VOEGELIN & TENNANT, L.C., Wheeling, West Virginia, for Appellants. Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants John Marshall and Daniel Saleh were indicted and convicted by a jury of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (1994). Marshall and Saleh received a sentence of twenty-four months and twenty-one months, respectively. Both Marshall and Saleh appeal their convictions. The two cases have been consolidated for appellate review.

Marshall contends that the district court erred in denying his motion for a new trial, excluding relevant expert testimony, and in denying a two-level reduction in his sentence for being a "minor participant." Saleh asserts that the district court erred in denying his motions for judgment of acquittal and variance between the indictment and proof at trial. Additionally, Saleh maintains that the court improperly attributed to him under "relevant conduct" certain drug quantities associated with co-defendant Marshall. We affirm both convictions and sentences.

I.

The evidence at trial, viewed in the light most favorable to the government, disclosed that Tony Foglio, the government's chief witness, was involved in a drug-trafficking scheme whereby he received shipments of marijuana from California and distributed the drugs at a profit in West Virginia. Foglio testified that on three occasions Saleh provided Foglio a key to a vacant residence for the purpose of receiv-

2

ing marijuana shipments. Saleh then took Foglio to a nearby motel, where Saleh registered in his name on Foglio's behalf, all in exchange for monetary compensation. From the motel, Foglio broke down the shipment of compressed marijuana and negotiated sales. Foglio admitted that he and Saleh did not discuss the packages. The first shipment contained approximately four kilograms of marijuana, the second four or five kilograms, and the third approximately six kilograms.

Foglio further testified that Saleh also drove Foglio to Pittsburgh to a "head shop" to buy a scale that could weigh large amounts of marijuana. According to Foglio, Saleh was aware of the express purpose of the trip. On another occasion, Saleh also transferred $6200 in cash via Western Union to Foglio's supplier in California because Foglio wanted to keep his name "out of things." In return, Saleh received further monetary compensation.

Saleh introduced Foglio to Marshall in an effort to assist Foglio with transportation. According to Foglio, Marshall, on at least two occasions, rented a car in his own name on behalf of Foglio in exchange for cash. Additionally, Marshall offered his place of residence for the receipt of packages for a monetary fee. The first shipment to Marshall's residence contained approximately six to seven kilograms of marijuana. Foglio arrived after delivery of the package and opened it in Marshall's presence. Foglio remarked that Marshall was surprised at the amount of marijuana present. Soon thereafter, both men drove to a hotel, where Marshall registered under his name, another service for which he received compensation. Foglio maintained at trial that the purpose of renting the room was to "break down" the marijuana and place phone calls to let others know that he was "ready to do business again." Two more shipments were received at Marshall's residence. The three shipments totalled nineteen kilograms.

Following the return of guilty verdicts on the conspiracy charge, a presentence report was prepared for Marshall, which assigned him a base offense level of sixteen. See USSG§ 2D1.1(c)(12). The court sentenced Marshall in accordance with the report, denying Marshall's motion for a two-level reduction based on his role as a "minor participant." The court attributed Saleh with thirty-four kilograms of mari-

3

juana, nineteen of which the court assessed against him under relevant conduct. Although the court assigned Saleh a base offense level of eighteen, the court gave Saleh a two-level reduction for his role as a "minor participant" in the conspiracy.

We address each of Appellants' arguments in turn.

II.

Marshall first objects to the court's refusal to grant him a new trial on the basis that evidence weighed heavily against the verdict.[1] Specifically, Marshall alleges that the exhibits introduced into evidence by the Government alone are insufficient to sustain a verdict against him and that the only incriminating evidence came from an incredible witness.

This Court reviews the denial of a motion for new trial for abuse of discretion. United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992). A district court should grant a new trial if the evidence weighs so heavily against the verdict that it would be unjust to enter judgement. United States v. Arrington, 757 F.2d 1484, 1485 (1985).

To sustain a conspiracy conviction, the evidence must show only that the defendant knew of the conspiracy's purpose and took some action reflecting his participation. United States v. Locklear, 24 F.3d 641, 644 (4th Cir. 1994); United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). The Government may use circumstantial evidence to demonstrate a defendant's participation in a conspiracy and his knowledge of the conspiracy's objectives. United States v. Glasser, 315 U.S. 60, 80 (1942). If the defendant "joins the conspir-

_____

[1] In its brief, the Government contends that Marshall is procedurally barred from contesting the court's denial of Marshall's motion for a new trial on the basis of insufficient evidence because, in his motion, he only seeks a judgment of acquittal in challenging the sufficiency of evidence. However, the motion generally sought "Judgment of Acquittal and/or New Trial," and the memorandum in support of his motion, which the district court reviewed, specifically sought a new trial as an alternative to a judgment of acquittal. Therefore, we find that the merits of Marshall's claim are properly before this Court.

4

acy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion, it is sufficient to convict him of conspiracy." United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992).

In this case, the Government offered ample evidence that a conspiracy existed, and that Marshall knew about it and acted to further it. Foglio testified that Marshall rented vehicles and motel rooms on his behalf and on several occasions agreed to receive packages at his residence. Even assuming Marshall did not initially know the contents of the packages he received, Foglio testified that he opened the package in Marshall's presence more than once and that Marshall was surprised at the quantity of marijuana. The Government introduced exhibits of car rental, shipment, and motel registration records in Marshall's name, generally consistent with Foglio's recitation of events.

To the extent that Marshall's claim regarding the sufficiency of evidence relates solely to matters of Foglio's credibility, such determinations are within the sole province of the jury and are not susceptible to judicial review. United States v. Lowe , 65 F.3d 1137, 1142 (4th Cir. 1995), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3231 (U.S. Oct. 7, 1996) (No. 95-1659). Accordingly, we find that the court did not err in denying Marshall's motion for a new trial.

Marshall also contends that the trial court erred in excluding the expert testimony of H. Wayne Dickson, a certified addictions counselor, who would have testified regarding the effects of heavy and sustained drug use on an individual's memory and perception of events that occurred during the period of drug use. Marshall offered such testimony in an effort to impeach Foglio, who allegedly used drugs heavily during the period in question.

An expert may only testify about "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), in order for such expert testimony to be properly admitted under the Rules, the expert testimony must be supported by appropriate validation and it must assist the trier of fact in understanding the evidence or in determining a fact in issue. See United States v. Dorsey, 45 F.3d

5

809, 813 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 63 U.S.L.W. 3907 (U.S. June 26, 1995) (No. 94-9433).

We find that the court properly refused to admit the proffered expert testimony because it clearly fails to meet the second part of the Daubert test. To satisfy Daubert's second prong, the proffered evidence must fall outside the common knowledge of jurors. Dorsey, 45 F.3d at 814-15. Here, assessing the impact of drug use on a witness' credibility is something that can sufficiently be done by the jury without help from an expert. See id. at 815. Therefore, the trial court properly excluded the proffered testimony.

Lastly, Marshall argues that he should have received a reduction in his offense level for being a "minor participant" as defined by USSG § 3B1.2. A defendant seeking a mitigating adjustment under § 3B1.2 must convince the district court of its application by a preponderance of the evidence. United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991). The critical inquiry is not just whether the defendant has done fewer "bad acts" than his codefendants, but whether the defendant's conduct is material or essential to committing the offense. Id. Appellate review of a district court determination regarding the defendant's role in the offense is governed by the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989).

While Marshall may have been less culpable than others in the conspiracy, his acts in furtherance thereof were material and substantial. The evidence revealed that Marshall provided great assistance to Foglio by receiving shipments on his behalf knowing that they contained marijuana and by securing transportation and lodging for drug distribution activity.

Marshall argues that because co-defendant Saleh received a two-level reduction for his role as a "minor participant" and because they are equally culpable, he too should have received a similar reduction. The record reflects that Saleh was held responsible under "relevant conduct" for six shipments (thirty-four kilograms), only three of which he was directly responsible. Marshall, however, was held liable for only those shipments (nineteen kilograms) directly related to his own actions. Given the greater amount of marijuana attributed to Saleh as relevant conduct, the court, agreeing with the probation offi-

6

cer, concluded that a minor role reduction for Saleh was appropriate. Under such circumstances, the court's decision to refuse a reduction in Marshall's sentence as a "minor participant" is not clearly erroneous.

III.

Saleh maintains that the court erroneously denied his motion for judgment of acquittal. This Court reviews a denial of a motion for acquittal under a sufficiency of the evidence standard. Fed. R. Crim. P. 29; see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain a conviction the evidence when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). This Court does not weigh the evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The evidence discloses that on three occasions, Saleh provided Foglio keys to his vacant home to receive packages in exchange for $200. Additionally, Saleh registered for Foglio at a motel in exchange for $30 after Foglio received the first package, drove Foglio to a "head shop" for the purpose of purchasing digital scales, transferred large amounts of cash to Foglio's cousin in California, and introduced Foglio to Marshall. We find that the Government introduced sufficient evidence from which a rational trier of fact could conclude that Saleh knew of the conspiracy's purpose and actively participated in it.

Saleh also contends that the amount of marijuana attributed to him should have been limited to the amount stated in the bill of particulars.[2] Because the bill of particulars only attribute to Saleh two marijuana shipments, totalling nine kilograms, rather than the three for which he was ultimately held responsible, Saleh maintains that his ultimate

_____

[2] Although Saleh claims a variance between the indictment and proof at trial, his argument in fact relates to a variance between proof at trial and the bill of particulars.

7

conviction exceeds the amount of punishment to which he was placed on notice.

The purpose of a bill of particulars is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial, not to provide detailed disclosure of the Government's evidence in advance of trial. United States v. Fletcher, 74 F.3d 49, 53 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447). A bill of particulars does not constitute a part of the indictment nor does it change or amend the charges set forth in the indictment; it"merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." Id. Moreover, "the quantity of drugs involved in an offense does not become a substantive element of the crime to be proved at trial simply because an amount is indicated in the indictment or information." Id.

Saleh's contention that the bill of particulars failed to sufficiently apprise him of the extent of his charges is without merit. Under sections l, m, and n of "overt acts," the indictment specifically charges Saleh with receiving three shipments of marijuana from California.

While the bill of particulars may not have specified the third shipment of marijuana that Saleh received, it is clear that the indictment sufficiently placed Saleh on notice that the Government intended to present evidence at trial regarding the third shipment. Hence, because Saleh was not convicted of an offense omitted from the indictment and there is no evidence of unfair surprise which prevented him from preparing an adequate defense, any discrepancy between the bill and the Government's proof at trial was harmless. Fletcher, 74 F.3d at 53-54. Accordingly, the court properly denied Saleh's motion for a variance.

Lastly, Saleh alleges that the court erred in attributing to him as relevant conduct the nineteen kilograms of marijuana that were shipped to co-defendant Marshall. Essentially, Saleh maintains that the Government failed to prove that Marshall's involvement in drug distribution activity was a reasonably foreseeable consequence of Saleh's introduction of Marshall to Foglio.

8

In a conspiracy, relevant conduct includes all acts committed by the defendant and others which are in furtherance of the conspiracy, reasonably foreseeable to the defendant, and within the scope of the criminal activity the defendant agreed to undertake. USSG § 1B1.3(a). The government must establish the existence of these other incidents by a preponderance of the evidence. United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). Whether the government has successfully shouldered its burden of proof is a question of fact reviewed for clear error. Id.

In the instant case, the district court found that Saleh was aware of and actively participated in the conspiracy and encouraged Marshall's involvement as a co-conspirator. Given Saleh's repeated involvement with Foglio and his introduction of Foglio to Marshall for the purposes of aiding Foglio in various drug distribution activities, we hold that the district court did not err in attributing to Saleh for sentencing purposes the nineteen kilograms of marijuana associated with Marshall.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9