**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4440

COLYN JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Robert Earl Maxwell, Senior District Judge.
(CR-95-18)

Submitted: May 15, 1997

Decided: June 4, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Fox, JORY & SMITH, L.C., Elkins, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Thomas O.
Mucklow, Assistant United States Attorney, Wheeling, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Colyn Jones was convicted by a jury of two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal Jones alleges that the district court abused its discretion by (1) improperly admitting audiotape evidence of telephone conversations between a confidential informant and Jones in violation of Fed. R. Evid. 404(b), 402, and 403 and (2) by denying Jones' motion to exclude all audiotape evidence because the copies supplied to the defense were of poor quality. For the reasons that follow, we affirm.

At trial, the Government presented audiotape evidence of two telephone conversations[1] occurring on April 21, 1995, allegedly between Jones and a confidential informant, and a later drug transaction occurring on May 8. Jones objected to the April 21 audiotapes being admitted into evidence on the grounds that the telephone conversations were not connected to the later May 8 drug deal and that the tapes were only admitted for the purpose of showing Jones' bad character under Fed. R. Evid. 404(b). The district court denied the objection. After the tapes were played for the jury, Jones objected to all of the tapes because the quality of the tapes played for the jury was better than the tapes he had received from the Government. Jones characterized the Government's conduct as a discovery violation under Fed. R. Crim. P. 16. The court took the matter under advisement and then at the close of the Government's evidence denied Jones' motion for a mistrial.[2]

_____

[1] In the first call, the confidential informant inquired into whether he could purchase cocaine from Jones. In the second call, the parties discussed the price of cocaine base.

[2] Both Jones and the Government made arguments regarding whether the tapes should have been allowed into evidence at the conclusion of the Government's evidence. The court then denied Jones' motion for acquittal under Fed. R. Crim. P. 29. The Government characterizes this denial of the Rule 29 motion as denying Jones' "motion for mistrial" based upon the quality of the tapes. Jones does not object to this characterization on appeal.

2

Evidence is admissible only if it is relevant. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. A district court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . .." Fed. R. Evid. 403. "Evidence of other crimes, wrongs' or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, [or] identity. . . ." Fed. R. Evid. 404(b). This Court reviews a district court's decision to admit evidence under Rules 404(b) and 403 for an abuse of discretion. See United States v. Chin , 83 F.3d 83, 87 (4th Cir. 1996). Rule 404(b) does not apply to evidence of crimes or acts arising out the same transaction or that are "necessary to complete story of the charged crime." Id. at 88 (citation omitted). Rule 16(a)(1)(A) of the Rules of Criminal Procedure requires the Government "[u]pon request of a defendant to disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof." Decisions regarding whether a party has complied with Rule 16 are left to "the sound discretion of the trial court" and thus we review such orders only "for an abuse of discretion." United States v. Fletcher, 74 F.3d 49, 54 (4th Cir.), cert. denied, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447).

With respect to the April 21 telephone conversations, the confidential informant testified that the purpose of the calls was "to set up a deal to buy cocaine." A Government witness testified that based upon the April 21 calls, he set up the May 8 purchase of cocaine from Jones. Thus, we do not find that the district court abused its discretion by allowing the tapes into evidence. The evidence was relevant, showed Jones' intent and preparation, and gave the jury a complete story of the drug transaction as a whole. See  Fed. R. Evid. 404(b); Chin, 83 F.3d at 87. Nor do we find that the tapes should have been excluded under Rules 402 and 403. With respect to Jones' contention that the tapes given to the defense were of poor quality, it is undisputed that Jones' defense counsel did not object to the quality of the tapes or request permission to listen to the originals prior to trial.

3

Accordingly, we do not find that the district court abused its discretion in finding that the Government complied with Rule 16.**3** <u>Fletcher</u>, 74 F.3d at 54. Thus, because we do not find that the district court clearly erred with regard to the evidentiary issues presented on appeal, we affirm Jones' convictions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**3** Despite defense counsel's remarks to the contrary, there is no indication in the record that the Government intended to mislead the defense by purposely providing poor quality tapes.

4