**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-7469

JIMMIE WELCH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-95-3592-2-18, CR-91-571)

Submitted: February 10, 1998

Decided: February 26, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jimmie Welch, Appellant Pro Se. Albert Peter Shahid, Jr., SHAHID
LAW OFFICE, L.L.C., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Jimmie Owen Welch appeals from a district court order that granted summary judgment to the Government in his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) action. Because we find no reversible error, we affirm.

We review the grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences are drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

Welch asserts that two of his convictions violate Double Jeopardy. We conclude that this claim is waived. Welch fails to establish that he objected to the indictment prior to trial, and he did not appeal his convictions. Neither has he demonstrated cause and prejudice for this default. See United States v. Frady, 456 U.S. 152, 167-68 (1982).

Welch continues that he was improperly sentenced based upon a quantity of marijuana related to conduct for which he was acquitted. This is a nonconstitutional claim that could have been raised on direct appeal but was not. Welch may not now assert it in a collateral proceeding. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

Next, Welch alleges that his indictment was both duplicitous and multiplicitous. Such challenges must be raised prior to trial or they are waived absent cause for the waiver. See Fed. R. Crim. P. 12(b)(2); United States v. Price, 763 F.2d 640, 643 (4th Cir. 1985). Welch fails to establish that these claims were raised in timely fashion, nor has he demonstrated cause for the waiver. Therefore, these claims are waived.

Welch also alleges that he received ineffective assistance of counsel at trial because his attorney failed to adequately research and

2

investigate his case. We find that he has failed to adequately establish this claim. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Welch also asserts prosecutorial misconduct in grand jury proceedings. Such a claim should be made prior to trial under Fed. R. Crim. P. 12(b)(2), or the claim is waived, foreclosing collateral review absent cause and prejudice, which Welch fails to establish. See Davis v. United States, 411 U.S. 233, 242 (1973).

Welch also attacks the calculation of his Guidelines sentence.* He asserts that the calculation of his criminal history category was erroneous because it accorded him one point for a DUI conviction. This is a nonconstitutional claim that could have been raised on direct appeal but was not. Welch may not now assert the claim in this collateral proceeding. See Stone, 428 U.S. at 477 n.10.

In regard to his other sentencing claim, Welch correctly asserts that Guidelines Amendment 516 altered the calculation of a quantity of marijuana from a quantity of harvested plants. Under the amendment, the Sentencing Commission adopted "an equivalency of 100 grams per plant, or the actual weight of the usable marihuana, whichever is greater." USSG § 2D1.1, comment. (backg'd). The record discloses that Welch was held accountable for 677 pounds, or 307.08 kilograms, of marijuana. According to the pre-sentence report, this is the quantity involved in six marijuana transactions linked to the Welch conspiracy between September and November 1991. According to the record, there were no objections to this quantity. Since this "actual weight" of distributed marijuana exceeded the amount calculated under USSG § 2D1.1, the sentencing court properly calculated the offense level based upon the higher actual weight. See USSG § 2D1.1(c), n.(E) & comment. (backg'd); United States v. Fletcher, 74 F.3d 49, 55 n.4 (4th Cir. 1996).

Even if the district court misconstrued Amendment 516, an error in sentencing is a nonconstitutional error that does not provide a basis for collateral attack unless it involves a "fundamental defect which inherently results in a complete miscarriage of justice." United States

_____

*U.S. Sentencing Guidelines Manual (1992). Welch was sentenced in February 1993.

3

v. Addonizio, 442 U.S. 178, 185 (1979). Since Welch's sentence was not ultimately affected by the amendment, we find no such "fundamental defect." We therefore affirm the district court's order. We dispense with oral argument because the factual and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4