**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4467

VINCENT EUGENE LINEBERGER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-11-MU)

Submitted: May 18, 1999

Decided: June 1, 1999

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Harold J. Bender, LAW OFFICE OF HAROLD J. BENDER, Char-
lotte, North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, Brian Lee Whisler, Assistant United States Attorney, Char-
lotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vincent E. Lineberger appeals his jury convictions and sentence for making false statements in violation of 18 U.S.C.A.§ 1001 (West Supp. 1999) and 18 U.S.C. § 1010 (1994); wire fraud in violation of 18 U.S.C. § 1343 (1994); money laundering in violation of 18 U.S.C.A. §§ 1956(a)(1)(B)(i) (West Supp. 1999) and 18 U.S.C. § 1957 (1994); making false statements in connection with a bankruptcy proceeding in violation of 18 U.S.C.A. § 152 (West 1994 & Supp. 1999); and bankruptcy fraud in violation of 18 U.S.C.A. § 157 (West Supp. 1999). Lineberger was sentenced to concurrent terms of sixty months' imprisonment on eleven of the thirteen counts for which he was convicted and concurrent terms of twenty-four months' imprisonment on the remaining two counts. He was also ordered to pay $43,304.48 in restitution and a $650 special assessment.

On appeal, Lineberger contends that: (1) the court abused its discretion in denying his request to give a "missing witness" jury instruction; (2) two counts of his indictment were duplicitous and that the court erred by not compelling the Government to elect a theory under those counts; (3) one count of his indictment was constructively amended; and (4) the court abused its discretion in denying his motion for a mistrial. After reviewing the parties' briefs, the record, and the applicable legal principles, we affirm.

We find that the court did not abuse its discretion in denying Lineberger's request to give a "missing witness" jury instruction. See United States v. Brooks, 928 F.2d 1403, 1412 (4th Cir. 1991); United States v. Rollins, 862 F.2d 1282, 1297 (7th Cir. 1988). We also find that counts sixteen and seventeen of the indictment were not duplicitous because they did not join in a single count two or more distinct and separate offenses. See United States v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985). Thus, Lineberger's argument that the court erred

2

in not compelling the prosecution to elect a theory under those counts is without merit.

Furthermore, we find that count eighteen was not constructively amended, nor did a variance occur that prejudiced Lineberger. See United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) (holding that variance violates defendant's rights only if he can prove he was prejudiced by variance); United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (en banc) (holding that for constructive amendment to have occurred, the court's jury instruction must have exposed defendant to criminal "charges that are not made in the indictment itself"). Finally, we find no abuse of discretion in the district court's denial of Lineberger's motion for a mistrial based upon the prosecutor's allegedly improper remarks. See United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993).

Accordingly, we affirm Lineberger's convictions and sentence and deny Lineberger's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3