**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4872

MARTIN HERNANDEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr, Chief District Judge.
(CR-98-136)

Submitted: June 17, 1999

Decided: June 25, 1999

Before MURNAGHAN and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Lynn McClellan, IVEY, MCCLELLAN, GATON & TAL-
COTT, L.L.P., Greensboro, North Carolina, for Appellant. Walter C.
Holton, Jr., United States Attorney, Michael F. Joseph, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martin Hernandez appeals from his conviction and sentence for possession of cocaine with the intent to distribute, and conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), contending that district court erred denying his Fed. R. Crim. P. 29 motion for judgment of acquittal and in determining the amount of cocaine properly attributable to him. We affirm.

The district court's denial of Hernandez's motion for judgment of acquittal is reviewed under a sufficiency of the evidence standard. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain the conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942). In making this assessment, the government is entitled to all reasonable inferences from the facts established to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Review of the record under this standard reveals that Hernandez's conviction is supported by substantial evidence, and we therefore find no error in the district court's denial of his motion.

Turning to Hernandez's challenge to his sentence, a district court's factual finding of the relevant quantity of drugs at sentencing is reviewed for clear error. See 18 U.S.C.§ 3742(e) (1994); United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). Drug quantities are not a substantive element of any of the crimes involved. Rather, quantity is merely a sentencing factor which the Government must prove by a preponderance of the evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). Applying this standard to Hernandez's case, we find no error in the district court's determination that Hernandez was responsible for at least five kilograms of cocaine,

2

and accordingly we affirm both his sentence and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED