**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4123

PRESTON WEST, a/k/a Chipper,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-97-175)

Submitted: April 6, 1999

Decided: August 9, 1999

Before WIDENER, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen J. Kleeman, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Robert R. Harding, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Preston West appeals from his convictions and sentence following a jury trial of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and distribution of cocaine (two counts) in violation of 21 U.S.C. § 841(b)(1)(c). West was sentenced to 480 months' imprisonment for the conspiracy to distribute offense, 240 months' imprisonment (two terms) for the distribution offenses, and 120 months' imprisonment for the conspiracy to commit murder offense, with all sentences to be served concurrently. West timely noted an appeal.

On appeal, West contends that: (1) the evidence was insufficient to support his convictions for conspiracy to distribute and to possess with intent to distribute cocaine and conspiracy to commit murder in the aid of racketeering; (2) the trial court erred in calculating the amount of drugs attributable to him; (3) his convictions were unlawful because the Government promised leniency in exchange for the witnesses' testimony in violation of 18 U.S.C. § 201(c)(2) (1994); and (4) the trial court erred in admitting into evidence letters that West wrote to a cooperating witness.

We find that the evidence was sufficient to support West's convictions for conspiracy to distribute and to possess with intent to distribute cocaine and conspiracy to murder in aid of racketeering. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Reyes, 157 F.3d 949, 955 (2d Cir. 1998) (providing standard); United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (providing standard), cert. denied, 519 U.S. 1151 (1997). We find that the district court did not clearly err in calculating the amount of drugs attributable to West. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). The district court's admission of co-conspirators' testimony, who testified in exchange for favorable treatment, was not error, plain or otherwise. See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc). Last, we find that the district court did not abuse its discretion in admitting the letters because West failed to show that the

2

probative value of the letters was outweighed by the danger of preju-
dice. <u>See</u> Fed. R. Evid. 403.

West has also filed a motion for leave to file a pro se supplemental
brief in which he contends that the Government knowingly presented
perjured testimony before the Grand Jury and that a fatal variance
existed between the indictment and the evidence presented at trial.
We grant his motion to file the supplemental brief. We have reviewed
West's brief and we find his contentions to be without merit.

Accordingly, we affirm West's convictions and sentence. We dis-
pense with oral argument because the facts and legal contentions are
adequately presented in the materials before the court and argument
would not aid the decisional process.

<u>AFFIRMED</u>

3