**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4876

ROBERT PADGETT, a/k/a Snoop,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                     No. 98-4885
ANTHONY WALTER WILLIAMS, a/k/a
Tone,
Defendant-Appellant.

Appeals from the United States District Court
for the District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-98-48)

Submitted: July 30, 1999

Decided: August 20, 1999

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence J. Lewis, FLESHER & LEWIS, Huntington, West Virginia; George B. Vieweg, III, LESTER & VIEWEG, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Lisa A. Green, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Padgett (No. 98-4876) and Anthony Walter Williams (No. 98-4885) appeal from their convictions and sentences for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). In addition, Williams appeals from his conviction and sentence for making a house available for unlawfully distributing and using cocaine base, in violation of 21 U.S.C.A. § 856(a)(2) (West Supp. 1999).

On appeal, Padgett and Williams first challenge the sufficiency of the evidence on the conspiracy charge; Williams further challenges the sufficiency of the evidence to support his conviction for operating and maintaining a crack house. In the face of such a challenge, a jury verdict must be upheld if there exists substantial evidence to support the verdict, viewing the evidence most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility, see United States v.

2

Saunders, 886 F.2d 56, 60 (4th Cir. 1989), rather, the credibility of witnesses is within the sole province of the jury. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996); see also United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984) (role of jury to judge credibility of witnesses, resolve conflicts in testimony, and weigh the evidence). This Court may reverse a jury verdict only when there is a complete absence of probative facts to support the conclusions reached by the jury, see Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983), and this Court has previously held that even the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. See United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

The sole argument made by Padgett and Williams is that the only evidence to support their convictions for conspiracy came from witnesses who signed plea agreements and/or immunity agreements. They claim that because all these witnesses had something to gain, they were clearly motivated to lie or exaggerate. Because this Court may not review witness credibility, see Saunders , 886 F.2d at 60, we affirm the conspiracy convictions as to both Padgett and Williams.

With regard to Williams' challenge to his conviction on the crack house charge, we have reviewed the record and find that there exists substantial evidence when viewing the evidence in the light most favorable to the prosecution. See Glasser, 315 U.S. at 80. We therefore sustain the verdict.

Padgett next claims that the district court abused its discretion in admitting evidence that Padgett previously sold crack while in jail, contending that revealing to the jury that he was in jail was unfairly prejudicial to him, and the probative value of the testimony was outweighed by the prejudice. We find that the challenged evidence was not introduced to inflame the jury beyond its evidentiary value, and, thus, was not an abuse of the district court's discretion. See United States v. Love, 134 F.3d 595, 603 (4th Cir.), cert. denied, 118 S. Ct. 2332 (1998).

Padgett next claims that the district court clearly erred in attributing 235.065 grams of cocaine base to him, and for increasing his offense level for possession of a firearm pursuant to USSG§ 2D1.1(b)(1).

3

The basis for Padgett's objection is his claim that 198.45 grams of the total drug weight was based upon the testimony of four witnesses who benefitted from plea and immunity agreements with the Government, and whose testimony allegedly was therefore inherently unreliable. He also objects to the increase in his offense level for firearm possession based upon the allegedly unreliable testimony of one of those witnesses.

We review the district court's factual findings at sentencing, including the determination of relevant conduct, for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). The United States needs to prove the existence of the quantities of drugs that were included in the defendant's course of conduct only by a preponderance of the evidence. See United States v. Goff , 907 F.2d 1441, 1444 (4th Cir. 1990). This Court has held that the district court's determination as to relevant conduct is reviewed with great deference to the court's opportunity to assess credibility. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

In this case, after a full and careful consideration of all pertinent evidence, the district court made specific findings relative to the credibility of the witnesses when making its determination as to drug weight, basing its determination not only on the testimony of the witnesses, but on the presentence investigation report as well. Moreover, the district judge had the opportunity to first-hand observe the witnesses during the trial and to assess their demeanor and credibility. Given these circumstances, we cannot say that the district court's conclusions regarding drug weight were clearly erroneous. See D'Anjou, 16 F.3d at 614.

The question of whether Padgett possessed a firearm during the conspiracy is a factual determination likewise subject to the clearly erroneous standard of review. See United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992). The district court's two-level enhancement of Padgett's offense level for possession of a firearm was based on witness testimony, as well as a series of pictures entered into evidence of Padgett and another man with guns, scales on a table, and a white substance on the scale, which were taken at a location where there was much testimony that crack was stored. We find that the district court properly relied upon the photographs and the witness testimony,

4

and that its enhancement of Padgett's offense level under USSG § 2D1.1(b)(1) was not clearly erroneous. See Rusher, 966 F.2d at 880; United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (the proximity of guns to illicit drugs can support a district court's enhancement of a defendant's sentence under § 2D1.1(b)(1)).

Finally, Williams claims that the district court erred in denying his pretrial motion and subsequently renewed motions to dismiss Count Six of the indictment charging him with a violation of 21 U.S.C. § 856(a)(2), on the ground that the indictment failed to allege essential statutory elements. The district court's determination regarding the sufficiency of an indictment where, as here, the defendant moved against the indictment at trial, is subject to de novo review. See United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997). In assessing the sufficiency of an indictment the issue is whether the indictment as a whole is so vague that it violates the defendant's rights. The purpose of the indictment is: (1) to appraise a defendant of the charge against him so that he can prepare a defense; and (2) to enable a defendant to plead a double jeopardy bar, if applicable. See Russell v. United States, 369 U.S. 749, 763-64 (1962); United States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990).

We find Williams' argument that the indictment is constitutionally impaired because the word "residence" was used in the indictment rather than "building, room or enclosure" to be without merit. Williams does not allege that he did not understand that he was being charged with maintaining a crack house as charged under § 856(a)(2). Our review of the indictment in this case demonstrates that the indictment revealed the charge Williams was facing, the structure which was the basis of the crack house count, and the activities which supported the count. We therefore find Williams' indictment was not so vague as to violate his constitutional rights, and that the district court did not err in denying his pretrial motion and subsequently renewed motions to dismiss Count Six of the indictment. See Loayza, 107 F.3d at 260.

Accordingly, we affirm Padgett's and Williams' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

5