**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4009

MICHAEL PARKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-35)

Submitted: September 28, 1999

Decided: October 12, 1999

Before MURNAGHAN, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott Bratton, Cincinnati, Ohio, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Michael F. Joseph, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Parker was convicted of conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1999). He was sentenced to 262 months imprisonment, followed by ten years of supervised release. Parker appeals.

At trial, Parker sought to introduce his brother's statement to the police into evidence, pursuant to Fed. R. Evid. 804(b)(3). The district court properly analyzed the statement to determine its admissibility. United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995). We conclude that the district court did not abuse its discretion in refusing to admit the proffered evidence. United States v. Lowe, 65 F.3d 1137, 1145 (4th Cir. 1995). Therefore, we decline relief on this issue.

Parker next asserts that the evidence was insufficient to sustain his conviction. To establish a conspiracy under this statute, the Government must prove that: "(1) an agreement to possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). This court must sustain the jury verdict on direct appeal "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We conclude that the evidence introduced by the Government satisfies this standard.

Finally, Parker asserts that the district court erred at sentencing in determining the amount of drugs attributable to him. We review for clear error the district court's factual finding of the relevant quantity of drugs at sentencing. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). The Government must prove drug quantities by a preponderance of the evidence. United States v. Goff , 907 F.2d 1441, 1444 (4th Cir. 1990). The district court's factual findings, based on the evidence introduced at trial, are not clearly erroneous.

2

We affirm Parker's conviction and sentence. We deny his motion, via counsel, to strike a portion of the Government's brief, and his pro se motion to file a supplemental, pro se brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3