UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4237

JOSHUA ALLEN MAYBERRY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James P. Jones, District Judge.
(CR-98-3)

Submitted: December 14, 1999

Decided: December 28, 1999

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sa'ad El-Amin, Beverly D. Crawford, EL-AMIN & CRAWFORD,
Richmond, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attor-
ney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joshua Allen Mayberry appeals from his sentence following his plea of guilty to five counts of distribution of cocaine base in violation of 21 U.S.C.A. § 841 (West 1999). We affirm.

Mayberry contends that the district court erred in attributing to him more than 28 grams of cocaine base on the basis of a co-conspirator's statement to police. Mayberry argues that the hearsay statement presented at the sentencing hearing was not sufficiently reliable and therefore should not have been considered in calculating his sentence.

A district court's factual finding of the relevant quantity of drugs is reviewed for clear error. See 18 U.S.C.§ 3742(e) (1994); United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). The quantity of a drug is not a substantive element of the crime involved; rather, it is merely a sentencing factor that the government must prove by a preponderance of the evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). In calculating drug amounts, the court may consider any relevant information, provided that the information has "sufficient indicia of reliability to support its probable accuracy." United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992) (quoting U.S. Sentencing Guidelines Manual § 6A1.3(a) (1991)). Consistent with this policy, hearsay alone can provide sufficiently reliable evidence of drug quantity. See id. "The district court's evaluation of reliability is reviewed under an abuse of discretion standard." United States v. Rhynes, ___ F.3d ___, 1999 WL 980361, *34 (4th Cir. Oct. 26, 1999) (citing United States v. Petty, 982 F.2d 1365, 1369 (9th Cir. 1993)).

Reviewing the evidence presented at the sentencing hearing, we conclude that the co-conspirator's statement was supported by sufficient indicia of reliability to render it admissible for sentencing purposes. Accordingly, the district court's use of the 28 grams in calculating Mayberry's sentence was neither an abuse of discretion nor clearly erroneous. We therefore affirm Mayberry's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3