**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4248

SEAN DARRELL JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-138)

Submitted: December 22, 1999

Decided: February 8, 2000

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael W. Patrick, HAYWOOD, DENNY & MILLER, L.L.P., Dur-
ham, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Michael F. Joseph, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sean Darrell Johnson pled guilty to one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). On appeal, Johnson contends that the Government violated 18 U.S.C. § 201(c)(2) (1994), by offering leniency and immunity to cooperating witnesses in exchange for their testimony. Johnson also contends that the court erred in its determination of the amount of crack cocaine attributed to him for sentencing purposes and by enhancing his base offense level for possession of a dangerous weapon. Finding no reversible error, we affirm.

Johnson's contention regarding § 201(c)(2) has been rejected by this court and is without merit. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999) (No. 98-4139), cert. denied, 2000 WL 12507 (U.S. Jan. 10, 2000) (No. 99-7186); United States v. Feurtado, 191 F.3d 420, 425 (4th Cir. 1999).

A district court's factual finding of the relevant quantity of drugs at sentencing is reviewed for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). Because quantity is not a substantive element of the offense, but is merely a sentencing factor, the government need only prove the quantity by a preponderance of the evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). We find that the court did not err in relying on the testimony of the three cooperating witnesses. See United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998) (court may rely on the testimony of lay witnesses to establish drug quantity); United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996) (uncorroborated co-conspirator's testimony lent support to the court's findings). In addition, this court affords great deference to the sentencing court's credibility findings. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). We find that the court did not clearly err.

We also find that the district court did not err by enhancing Johnson's base offense level for possession of a dangerous weapon. See U.S. Sentencing Guidelines Manual § 2D1.1(b) (1998). This enhancement "should be applied if the weapon was present, unless it is clearly

2

improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3).

In the instant appeal, we find that the two level enhancement was proper for both the guns found at the co-conspirator's home in close proximity to the drugs and the gun seized at Johnson's home. There was sufficient evidence establishing that Johnson knew that his co-conspirator possessed dangerous weapons connected with the conspiracy. See United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994). There was also sufficient evidence showing that the gun seized at Johnson's home was connected with his drug dealings.

Accordingly, we affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3