**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4137**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSE IAN SMITH,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:05-cr-00119-ALL)

―――――――――

Submitted: October 17, 2007        Decided: November 15, 2007

―――――――――

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Ian Smith appeals the district court's judgment entered pursuant to Smith's guilty plea to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). Smith's sole argument on appeal is that his sentence is unreasonable because, although it is within the guidelines range calculated by the district court and would otherwise be entitled to a presumption of reasonableness, see Rita v. United States, 127 S. Ct. 2456, 2462 (2007), his guidelines range was incorrectly calculated. Namely, Smith asserts that the district court clearly erred in determining his relevant conduct for purposes of calculating his base offense level when it relied on a witness's prior unsworn statement attributing fifty ounces of cocaine to Smith, rather than the witness's later sworn testimony at the sentencing hearing attributing only five ounces of cocaine to Smith. Finding no error, we affirm.

We review the district court's factual determinations underlying its drug quantity calculations for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). A factual finding will be considered clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). In calculating the amount of drugs

to attribute to a defendant, "the court may consider relevant information . . ., provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992) (internal quotation marks, citation and emphasis omitted).

We conclude that the district court did not clearly err in calculating Smith's guidelines range. The district court's decision to credit the witness's prior unsworn statement was a credibility determination and is therefore not reviewable on appeal. See Columbus-Am. Discovery Group v. Atlantic Mut. Ins. Co., 56 F.3d 556, 567 (4th Cir. 1995) ("Absent extraordinary circumstances, we will not disturb a factfinder's credibility determinations."); see also United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987) (stating that this court will decline to overturn a factual determination founded on witness demeanor and credibility absent compelling evidence to the contrary). Because it was reasonable for the district court to credit the witness's prior statement, made closer in time to the events in question and which was against the witness's penal interest, we conclude that no extraordinary circumstances are present mandating us to disturb the district court's credibility determination.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED