**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4742**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN EDWARD HESS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:07-cr-00574-RWT-1)

Submitted:  September 30, 2010       Decided:  November 18, 2010

Before AGEE, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Jonathan C. Su, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Edward Hess appeals his conviction and 168-month sentence for one count of possession with intent to distribute a controlled substance analogue in violation of 21 U.S.C. § 841(a)(1) (2006). He argues his sentence was unreasonable because the district court erred in calculating the drug analogue quantity attributable to him, and erred in imposing a two-level increase to his offense level for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2008). We affirm.

When law enforcement executed a search warrant on Hess's home and storage unit, they discovered 86.32 liters of 1,4-butanediol ("1,4-B") and 124.7 liters of gamma butyrolactone ("GBL") (both controlled substance analogues) in various containers, including drinking bottles. Hess, who pled guilty pursuant to a plea agreement, argued at sentencing that although he sometimes illegally sold the chemicals as narcotics, his usual use for the chemicals was to conduct experiments to further his printing ventures.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

2

After determining whether the district court properly calculated the defendant's advisory guideline range, we must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576.

We review a district court's factual determinations underlying its drug quantity calculations for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). A factual finding will be considered clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). In calculating the amount of drugs to attribute to a defendant, "the court may consider relevant information . . ., provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Uwaeme, 975 F.2d 1016,

3

1021 (4th Cir. 1992) (internal quotation marks, citation and emphasis omitted).

The district court heard testimony from several witnesses, including Hess himself. The district court concluded that Hess's testimony was "incredible" and that the Government had adduced substantial evidence to support its contention that Hess intended all of the chemicals for narcotic use. We have reviewed the record, and we conclude that the district court did not err in so holding, let alone clearly so. The court amply explained its conclusion, discussed the evidence, and offered a coherent rationale for its decision. We decline to disturb that finding.

Hess next argues that the court improperly applied a two-level enhancement to his offense level for obstruction of justice pursuant to USSG § 3C1.1. We do not agree.

We review for clear error a district court's determination that a defendant obstructed justice. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). According to USSG § 3C1.1, a defendant's base offense level is to be increased two levels for obstruction of justice if

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction[.]

4

USSG § 3C1.1.  The application notes for § 3C1.1 specifically include committing perjury and willfully failing to appear for a judicial proceeding in a list of examples of covered conduct. USSG § 3C1.1 cmt. n.4(b).

Here, the district court found two independent bases for applying the § 3C1.1 enhancement.  First, Hess had numerous pretrial release violations, including drug use, failing to report for drug testing, and most seriously, failing to appear at a pretrial release violation hearing.  The court concluded that Hess had obstructed justice in committing these violations. In addition, the district court believed Hess had perjured himself when he testified at sentencing.  Hess's testimony contradicted evidence offered by the Government, and the court determined that he was simply "incredible."

We hold that the district court did not err in applying the § 3C1.1 enhancement based on Hess's pretrial release violations.  See United States v. Dunham, 295 F.3d 605, 609 (6th Cir. 2002)("the defendant's [unjustified] failure to appear is, by itself, sufficient to satisfy the government's burden that defendant willfully obstructed or impeded the administration of justice."); United States v. Fontenot, 14 F.3d 1364, 1372 (9th Cir. 1994)(no error in applying § 3C1.1 enhancement to defendant who refused to submit to court ordered psychiatric examination), cert. denied, 513 U.S. 966 (1994).

5

Because we believe the district court did not err in basing the enhancement on Hess's pretrial release violations, we need not reach the question of whether the enhancement was also justified by the conclusion that Hess committed perjury.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED